## FULLER & JOHNSON MANUFACTURING CO. V. FOSTER.

1.  FOREIGN CORPORATION—TRANSACTION OF BUSINESS BY—APPOINTMENT OF AGENT.
    The acceptance of notes within this territory by a foreign corporation, in settlement for sales of merchandise made in its own state, is not such a transaction of business as is inhibited by Sec. 567, Civil Code.

2.  SAME.  MAY SUE IN THIS TERRITORY WITHOUT COMPLIANCE.
    A foreign corporation not transacting business in this territory may sue in our courts without having first complied with the provisions of Sections 567 and 569, civil Code, relating to filing its articles of incorporation and appointment of an agent; citing 2 Dak. 280.

Filed October 4, 1886.

Appeal from the district court of Spink county.

·The facts are stated in the opinion.

*H. C. & T. J. Walsh*, for defendant and appellant.

Foreign corporations may make contracts by virtue of

comity.   Bank of Augusta v. Earle, 13 Pet. 519.   But a state
may prescribe conditions for the exercise of such rights.   Fer-
guson v. Cooper, 5 Sup. Ct. Rep. 739.

A contract made in violation of a statute is void.   Uhlig v.
Garrison, 2 N. W. Rep. 253; U. S. Bank v. Owens, 2 Pet. 527;
Groves v. Slaughter, 15 Pet. 449; Harris v. Runnels, 2 How. 79.

This is the general rule, even though the statute does not
positively prohibit the act, but merely imposes a penalty for its
violation, and unless it can be gathered from the statute itself
that the legislature intended otherwise, contracts made in con-
travention of it will be held void.   Pangborn v. Westlake, 36
Ia. 546; Harris v. Runnels, *supra*.

The language of the court in Harris v. Runnels, *supra*, is
as follows:   "When the statute is silent and contains nothing
from which the contrary can be properly inferred, a contract
in contravention of it is void."   Bank of B. C. v. Page, 46 Or-
egon 431; Thorne v. Trav. Ins. Co., 80 Penn. St. 15; *in re* Com-
stock, 3 Saw. 210; Semple v. Bank of B. C., 5 Saw. 88; N. W.
Mutual Life Ins. Co. v. Elliott, 5 Fed. Rep. 225; Williams v.
Cheney, 70 Mass. 222; Jones v. Smith, 70 Mass. 501; Roche v.
Ladd, 83 Mass. 441; R. S. Ins. Co. v. Slaughter, 20 Ind. 520;
Cin. Mut. H. A. Co. v. Rosenthal, 53 Ill. 99; Aetna Ins. Co. v.
Harvey, 11 Wis. 395.

"No state shall pass any law which shall interfere with
commerce among the several states."   But a territory is not a
state within the meaning of the constitution.   1 Kent, 385, 12th
Ed.; Hepburn v. Ellzey, 2 Cranch, 445; Corporation of New
Orleans v. Winter, 1 Wheat. 91; National Bank v. Yankton, 101
U. S. 132; Territory v. Scott, 20 N. W. Rep. 401–415.

*C. T. Howard*, for respondent.

The defendant having retained the benefit can not avail
himself of the possible illegality of the contract caused by the
incapacity of the plaintiff to enter into the same.   Mo. Valley
Land Co. v. Bushnell, 8 N. W. Rep. 207; N. W. Union Packet
Co. v. Shaw, 37 Wis. 656; Bigelow on Estoppel, 424.

The right of the plaintiff to sue and be heard is, in the ab-
sence of expressed legislation to the contrary, not only well

settled by a long line of decisions, but has been affirmed by this court. American Button Hole &c. Co. v. Moore *et al.*, 2 Dak. 280; Bank of Augusta v. Earle *et al.*, 13 Peters, 519; Cowell v. Colorado Springs Co., 100 U. S. 549; The Tombigbee Railroad Company v. Kneeland, 4 Howard, 14.

The inhibition of the statute is against a continuous business. Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727.

If the verdict below is correct, for the reason that the act of legislation is unconstitutional, this court will affirm the judgment, although the court below did not render judgment on that ground. Gillespie v. Torrence, 7 Abbot's Pr. 464; Munroe v. Potter, 34 Barber, 358; Davis v. Spencer, 24 N. Y. 386; Mills v. VanVoorhies, 20 N. Y. 412; Helm v. Dumars, 3 Cal. 454; Bleven v. Freer, 10 Cal. 172.

L. K. CHURCH, J.  Plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the state of Wisconsin, for the purpose of manufacturing and selling farm implements, with its principal place of business at the city of Madison, in the state of Wisconsin. During the year 1882 the plaintiff and one E. W. Foster, a brother of the defendant, made and entered into certain contracts, whereby the plaintiff was to sell to the said E. W. Foster, agricultural implements, to be delivered to him at Madison, Wisconsin, ready for shipment to such place or places as the said E. W. Foster should in such contract direct. Said contracts were approved and accepted by the plaintiff, at its principal place of business, in Madison, Wisconsin, and in compliance therewith the goods specified in said contracts were furnished by the plaintiff, and accepted by the said E. W. Foster, at Madison, Wisconsin. On or about the twenty-seventh day of November, 1883, the said E. W. Foster, being still indebted to the plaintiff for the goods and merchandise furnished according to the terms of the said contract, by mutual consent of himself and the said plaintiff, caused to be executed and delivered to plaintiff, in payment of said indebtedness, certain promissory notes signed by his brother, the defendant, S. W. Foster. These notes were given by the defendant, and accepted by the plaintiff, as full

satisfaction for the plaintiff's demands against said E. W. Foster arising out of the contract, to the amount of said notes; and in consideration of said notes the said plaintiff released and discharged the debt due from the said E. W. Foster, to the full amount of the notes.

The defendant answered, and averred that all of the said contracts, and the notes described, were made and delivered at Redfield, in said Spink county, and territory of Dakota; that all of the said contracts and said notes were executed in the course of a regular business which the plaintiff carried on at said Redfield, and at other points throughout the territory; that each and all of the contracts were executed by the plaintiff, as one of the parties thereto, and that the plaintiff was and still is the payee of said notes, and ever since has remained the owner and holder thereof; that the said plaintiff is a foreign corporation, and had not filed prior to the commencement of this action, nor prior to the first day of July, 1885, in the office of the secretary of the territory, a copy of its articles of incorporation or charter, nor had there, up to the times mentioned, been filed or recorded in said office a copy of the appointment or commission of an agent or attorney within the territory on whom service of process might be made, and who was duly authorized by said corporation to accept service of process in its behalf; that the plaintiff had, up to the time of the commencement of this action, wholly failed to comply with the provisions of Sections 567 and 569 of the Civil Code, and had neglected to do any of the things therein required to be done; and demanded that the complaint be dismissed, with costs.

The evidence shows that the notes in suit were executed at Redfield, Spink county, Dakota, where they are dated, and that they were there delivered to the plaintiff. This fact was conceded by the plaintiff.

The following stipulation was received in evidence without objection: "It is hereby stipulated and agreed, by and between the parties to the above entitled action, that the said plaintiff is a corporation not organized for religious or charitable purposes; that it has never filed, or had filed, in the office of the

secretary of said Dakota territory, a copy of its articles of incorporation; that no copy of the appointment or commission of an agent of said corporation, duly authorized to accept service of process in its behalf, and upon whom service of process might be made in any action in which said corporation might be a party, has ever been filed in the office of said secretary, and the said corporation has never issued such commission or appointment. It is further agreed that this stipulation shall be admitted in evidence on the trial of the above entitled action as conclusive proof of the facts above recited." Signed by attorneys of both parties.

The court declined to make certain findings requested by defendant, to which defendant duly excepted.

The court, of its own motion, found the following facts: The plaintiff is a corporation not organized for religious or charitable purposes. It has never filed, or had filed, in the office of the secretary of said territory, a copy of its charter or articles of incorporation. No copy of the appointment or commission of any agent on whom service might be made, in any action in which said corporation (plaintiff) might be a party, has ever been filed in the office of said secretary, and the said corporation has never issued such commission or appointment.

The court then found, on request of plaintiff, the following facts: *First*, that the plaintiff is a foreign corporation, organized under the laws of the state of Wisconsin, and has never filed for record within the territory of Dakota certified copies of its articles of incorporation, as provided in Sections 567 and 569 of the Civil Code of this territory; *second*, that the plaintiff is not transacting or carrying on the manufacture or sale of its wares within the territory, and has no principal place of business herein, but manufactures, sells and delivers all wares at Madison, in the state of Wisconsin, and has no purpose of carrying on such business in Dakota territory; *third*, that the notes in question, described and set out in the complaint, were executed and delivered to the plaintiff in payment of wares sold by it in Wisconsin, and were executed and delivered by said defendant; *fourth*, that there is due and unpaid from the defend-

ant to the plaintiff the sum of $902.90; *fifth*, that all the allegations and averments of the complaint are true, and that all the allegations and averments of the answer are immaterial and insufficient, except the allegation that the plaintiff took said notes and contracts in the course of a regular business by it carried on at Redfield and other places within the territory, which is untrue.

Conclusions of law: That the plaintiff is entitled to judgment against the defendant for the sum of $761.05, and interest, $141.85; and for costs of this action, to be taxed against said defendant; and judgment is ordered to be entered accordingly,—to which findings of fact and conclusions of law defendant duly excepted.

Section 567 of the Civil Code provides: "No corporation, created or organized under the laws of any other state or territory, shall transact any business within this territory, or acquire, hold, and dispose of property, real, personal, or mixed, within this territory, until such corporation shall have filed in the office of the secretary of the territory a duly authenticated copy of its charter, or articles of incorporation, and shall have complied with the provisions of this article; provided, that the provisions of this act shall not apply to corporations or associations created for religious or charitable purposes solely."

Section 569 provides: "Such corporation shall appoint an agent, who shall reside at some accessable point in this territory, in the county where the principal business of said corporation shall be carried on, duly authorized to accept service of process, and upon whom service of process may be had in any action in which said corporation may be a party; and service upon such agent shall be taken and held as due service upon such corporation. A duly authenticated copy of the appointment or commission of such agent shall be filed and recorded in the office of the secretary of the territory, and a certified copy thereof by the secretary shall be conclusive evidence of the appointment and authority of such agent."

The questions raised by the pleadings are: Can the plaintiff, without compliance with the statute, sue in this territory?

Was the acceptance of the notes in question the transaction of business within the meaning of Section 567? The right of the plaintiff to sue and be heard is, in the absence of express legislation to the contrary, not only well settled by a long line of decisions, but it has been affirmed by this court. American Button Hole etc. Co. v. Moore *et al.*, 2 Dak. 280; S. C. 8 N. W. Rep. 131.

A more important question is presented when we inquire into the intent of the legislature in passing our foreign corporation act. The point has never been settled by our courts. We are forced to carefully examine the sections above referred to, with the aid of the construction of similar statutes by other courts. It is contended by the appellant that the sections absolutely prohibits every act done by a corporation before complying with its provisions. It is apparent that, in order to get the full force and meaning of the prohibition contained in Section 567, we must take it in connection with Section 569 following. The prohibition is not complete without it, and the conditions upon which the corporation is permitted to do business in the territory are fully stated therein. Section 569 provides that the agent shall reside where the principal business is carried on, indicating an intention to provide against a continuous business, and yet the appellant contends that every isolated transaction done by the company is illegal and void under the statute. We think the legislature, by these sections, intended to prohibit a foreign corporation from acquiring a domicile in this territory without first taking a position where its own contracts could be enforced against it in our courts. The facts in this case are similar to those in Cooper Manufacturing Co. v. Ferguson, 113 U. S. 727, S. C. 5 Sup. Ct. Rep. 739, and the law laid down in that case should govern and control this case.

Judgment affirmed. All concur.