## Wytheville.

### GOLDSBERRY v. CARTER AND OTHERS.

#### June 19, 1902.

1. FOREIGN CORPORATIONS—*Doing Business in the State.*—Making a contract out of this State by a foreign corporation by which title to a tract of land within the State is acquired by such corporation is not doing business in the State, within the meaning of section 1104 of the Code, so as to render a director of the company liable for its debts under the provisions of section 1105, although the object of the purchase be to engage in mining in the State at a subsequent time.

Appeal from a decree of the Circuit Court of Wise county, pronounced April 6, 1901, in a suit in chancery wherein the appellee, Henry Carter, was the complainant, and the appellant and others were the defendants.

Reversed.

The opinion states the case.

*R. T. Irvine,* for the appellant.

*W. H. Bond* and *G. J. Holbrook,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

This suit was instituted for the purpose, among others, of obtaining a personal decree against the appellant for a debt due to the appellee by the Glenn Lincoln Coal and Coke Company, a corporation chartered under the laws of the State of West Virginia, and in which company the appellant was a director.

The case made by the bill is that, whilst the appellant was a director in that company, it did business in this State in violation of the provisions of section 1104 of the Code, and that for such violation, the appellant, its other officers, agents and employees became personally liable for the debts due from the company to the appellee, a resident of this State, under the provisions of sections 1104 and 1105 of the Code. These sections are as follows:

"Sec. 1104. Every company incorporated under the laws of this State or another State, and doing business in this State, except an insurance company incorporated under the laws of another State, shall have an office in the State at which all claims due residents of the State against such company may be audited, settled and paid. Every such company incorporated under the laws of another State shall, by a written power of attorney, appoint some person residing in the State its agent, upon whom all lawful process against the company may be served, and who shall be authorized to enter an appearance in its behalf. Such power of attorney, and a duly authenticated copy of the charter of the company, shall be delivered to the clerk of the court of the county or corporation wherein such office is located, who shall record the same and transmit copies thereof to the Secretary of the Commonwealth, for which service the clerk shall receive a fee of ten dollars to be paid by the company. Every such company heretofore incorporated, if it has not already done so, within sixty days after this Code takes effect, and every such company hereafter incorporated, before commencing business in this State, shall establish an office and appoint an agent as hereinbefore required.

"Sec. 1105. The officers, agents, and employees of any such company, doing business in this State without complying with the provisions of the preceding section, shall be personally liable to any resident of the State having a claim against such company, and, moreover, service of process upon either of said offi-

cers, agents or employees, shall be deemed a sufficient service on the company."

The appellant in his answer denied the material allegations of the bill; but, upon a hearing of the cause upon the bill, answer, exhibits, depositions, and the oral admission of the appellant that the company did business in this State without recording a copy of its charter as required by section 1104, the court was of opinion that the appellant was liable for the appellee's debt, and so decreed. From that decree this appeal was allowed.

Numerous assignments of error are made in the petition for appeal, some of them involving questions of much interest and importance, but in the view we take of the case it will be unnecessary to pass upon any of them, except the fifth, which is, that the court erred in holding that the appellant was an officer of the company after it commenced to do business in this State.

It appears that at a meeting of the stockholders of the company on the 19th of May, 1897, the appellant was elected a director of the company, and acted as such until August or September of that year, when he tendered his resignation, which was accepted. Between the 19th of May, 1897, and the 29th of December of that year, the company purchased a tract of land from the appellee; leased another tract from one Ould (both tracts being coal lands and lying in Wise county), for the purpose of mining coal; built a short line of railroad to the leased premises, and engaged in mining and shipping coal therefrom.

It is not satisfactorily shown that any of the acts mentioned was done by the company during the time appellant was a director, except the purchase of the appellee's tract of land. This purchase does not appear to have been made in this State, but seems to have taken place in the State of West Virginia. Was that single transaction, entered into in another State, under the circumstances before mentioned, doing business in this State within the meaning of section 1104 of the Code?

The courts of this country have generally, it seems, in con-

struing statutes similar to ours, held that the object of such statutes is to forbid not the doing of a single act of business in the State, but the *carrying on of business* by a foreign corporation without having complied with the provisions of the statute. In *Cooper Manfg. Co.* v. *Ferguson,* 113 U. S. 727, the Supreme Court of the United States held, in construing a statute of the State of Colorado which provided, among other things, that foreign corporations should, "before they are authorized or permitted to do any business in this State," make and file a certificate with the Secretary of State, and in the office of the recorder of deeds in the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in the State, and an authorized agent or agents residing at such principal place of business upon whom process may be served, that the statute did not forbid the doing of a single act of business by a foreign corporation without the filing of the certificate and the appointment of an agent as required by the statute, and that the making in Colorado of one contract, by which an Ohio corporation agreed to build and deliver in Ohio certain machinery, and the other party to pay for it, did not constitute a carrying on of business in Colorado. See 6 Thompson on Corporations, sec. 7936, where numerous cases are cited.

If the doing of a single act of business in the State is not doing business within the meaning of our statute, and statutes similar to it, clearly making a contract out of the State by which title to a tract of land is acquired by a foreign corporation, is not doing business within the meaning of our statute so as to render the appellant liable as a director of the company for its debts under the provisions of section 1105 of the Code, although the object of the company in acquiring the land was to do a mining business in this State which it afterwards engaged in, but not before the appellant ceased to be a director in the company. The prohibition in the statute is against doing business

here, and not against doing business abroad which relates to property in this State. If the contract by which the title to the land was acquired had been made in this State whilst the appellant was a director in the company, for the purpose of mining coal, which purpose was carried out, but not until after the appellant had ceased to be a director, a different question would be presented, and one upon which we do not wish to be understood as intimating any opinion by anything that we have said.

We are of opinion, therefore, that the decree appealed from, in so far as it holds that the appellant was liable for appellee's debt, is erroneous, and to that extent it must be reversed, and the bill dismissed as to him.

*Reversed.*