[No. 4882.]

## CRAIG ET AL. V. A. LESCHEN AND SON'S ROPE COMPANY.

1. **Practice in Civil Actions—Pleading—Amendments—Laches.**

Where, on a prior appeal, it had been held that evidence was inadmissible, in the absence of a plea to prove an estoppel, the defendants on retrial are not entitled to amend their answer by pleading such estoppel where the application to so amend is not made until the close of the testimony, since, knowing of the ruling of the appellate court, the application should have been made previous to such trial.—P. 117.

2. **Foreign Corporations—Doing Business in State—Single Act of Business—Payment of Fees—Right to Sue—Statutory Construction.**

The single purchase of mining machinery in this state by a foreign corporation is not doing business within the meaning of chapter 51, Sess. Laws 1897, prohibiting such corporation from doing business in the state until the fee for filing the articles of incorporation shall have been paid.—P. 117.

3. **Same.**

Chapter 51, Sess. Laws 1897, providing that foreign corporations shall not be permitted to do any business in the state until the fee for filing the articles of incorporation shall have been paid, does not prohibit a foreign corporation from acquiring personal property in this state nor from entering the courts to protect such property from unlawful interference.—P. 118.

4. **Practice in Civil Actions—Pleading—Evidence—Instructions.**

Where the complaint alleged that the property in controversy was of a certain value, and this allegation was not denied in the answer, and the evidence introduced was overwhelmingly to the effect that the value was in excess of that alleged and no one testified that it was less, the court was justified in instructing the jury that the property was of the value alleged. —P. 119.

5. **Practice in Civil Actions—Pleading—Proof.**

Where the complaint alleged that the property in controversy was of a certain value, and this allegation was not denied in the answer, defendants cannot complain or appeal because the trial court would not allow them to prove that the property was of a less value. They cannot complain of not being permitted to prove that which they did not allege, or to disprove that which by their silence they admitted; nor does the fact that

plaintiffs introduced testimony as to the value, which was not
in issue, without objection upon the part of defendant, give the
latter the right to introduce immaterial or incompetent evidence.
—P. 119.

*Appeal from the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

Action by The A. Leschen and Sons Rope Com-
pany against W. E. Craig and C. B. Gentry. From
a judgment in favor of plaintiff, defendants appeal.
*Affirmed.*

Mr. R. G. WITHERS, for appellants.

Mr. CHAS. BUTLER, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the
court:

This action was brought in 1898. The first trial
resulted in a judgment for appellants. This judg-
ment was reversed by the court of appeals, in 18
Colo. App. 353. The cause was again tried, and the
trial court directed a verdict in favor of plaintiffs
at the close of the testimony. The defendants asked
to amend their answer by adding the following:

"That the plaintiff company are estopped from
claiming any title to the property levied upon by the
defendant, Craig, for the reason that they held them-
selves out as being the absolute owners of the said
property, and by said open and public representa-
tion led people, and particularly the defendants
herein, to give them the credit which they received,
because of such open and public administration of
ownership, to wit: John A. Leschen, Henry Les-
chen, Isaac O. Sutphine and J. B. Bell."

The court denied this application, and its action
was assigned as error. Defendants then offered to
prove that John Leschen, Henry Leschen, Isaac O.
Sutphine and J. B. Bell held themselves out to the

world as being the owners of the property upon which defendants made the levy. This offer was refused, and error is assigned to the court's action in this respect. The court did not err in this.

It was determined by the court of appeals that testimony offered for the purpose of showing that the plaintiff corporation was estopped, and such was the object of the proof offered in this case, could not be admitted in the absence of a plea of estoppel. Defendants, of course, knew of the ruling of the court of appeals before this second trial, and, if they desired to interpose such a plea, application should have been made to amend the answer previous to the trial, and not at the close of the testimony.

At the time this action was commenced, the law provided that foreign corporations shall not be "permitted to do any business in this state" until the fee for filing the articles of incorporation shall have been paid.—Session Laws 1897, p. 157.

Plaintiff was a Missouri corporation. It had not paid the fee, and objection was made to the introduction of the articles of incorporation because it had failed to comply with the statute. This matter was not raised by the pleadings. Defendant's answer did not aver that the corporation had failed to comply with the law. There is no proof that the corporation did any business in this state other than the purchase of the mining machinery involved in this action.

The supreme court of the United States, in *Cooper Mfg. Co. v. Ferguson*, 113 U. S. 734, in construing a similar statute, says:

"Reasonably construed, the constitution and statute of Colorado prohibit, not the doing of a single act of business in the state, but the carrying on of business by foreign corporations without filing a

certificate and the appointment of an agent as required by the statute."

We held; in *Colo. Iron Works Co. v. Sierra Grande M. Co.*, 15 Colo. 499.: "The sale of one lot of mining machinery is not doing business within the state."

The statute of 1877, being section 499, Mills' Ann. Stats., provides that:

"Foreign corporations shall, before they are authorized or permitted to do any business in this state, make and file a certificate," etc.

The law of 1897 provides that "no such corporation * * * shall have or exercise any corporate powers or be permitted to do business in this state until the said fee shall have been paid."

It has been repeatedly held that the statute of 1877 did not prohibit a corporation from suing to protect its property or other rights.—*Utley et al. v. Clark-Gardner Lode M. Co.,* 4 Colo. 369; *Gates Iron Works Co. v. Cohen,* 7 Colo. App. 341.

See, also: *N. W. Mutual Life Ins. Co. v. Overholt,* 4 Dillon 287; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727; *Fritts v. Palmer,* 132 U. S. 282.

There is nothing in the act which prohibits foreign corporations from acquiring personal property in the state. Having acquired it, they have the right to protect it from unlawful interference. If this were not true, evil disposed persons might appropriate such property to their own use without fear of punishment.

The court refused to permit defendants to prove the price for which the property was sold at the constable's sale, and instructed the jury that the value of the property in controversy was $2,500. This is assigned as error.

Evidence introduced as to the value of the property is overwhelming to the effect that it was in ex-

cess of $2,500. The allegation in the complaint is, that the property was of the value of $2,500. This allegation was not denied in the answer. No person testified that the property was worth less than $2,500.

Defendants having failed to deny that the property was worth $2,500, and the proof showing that it was worth more than that, the court is justified in instructing the jury as to its value. Defendants cannot be heard to complain of not being permitted to prove that which they did not allege, or to disprove that which, by their silence, they admitted. It is said by defendants that while, under the pleadings, the question of value was not at issue, yet the parties had treated it as one of the issues to be tried, and having submitted evidence upon it without objection, they thereby waived all objections to the form of the answer. Because plaintiffs introduced testimony as to the value, which was not in issue, without objection upon the part of defendants, would not give the right to defendants to introduce immaterial or incompetent evidence.

This disposes of the alleged errors argued by defendants in their brief, and, in our opinion, the contentions of defendants are not meritorious. We are unable to see wherein the court erred in the trial or in its instructions to the jury.

The judgment will, therefore, be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.