ISABELLA GROVE, INC., APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale and Mortgage.

No. 268.—Decided June 24, 1916.

CORPORATION — PURCHASE OF REAL PROPERTY — MORTGAGE — ENGAGING IN BUSINESS.—The mere fact that an unregistered foreign corporation acquires and holds real property and mortgages the same to secure the payment of a part of the purchase price does not amount to engaging in business in this Island within the meaning of the Act of March 9, 1911. Sections 37 to 40 of said Act refer to corporations actually engaged in business in Porto Rico in the ordinary acceptation of the term.

ID.—NAME OF CORPORATION—ENGAGING IN BUSINESS.—A conclusion of law regarding the business of a corporation cannot be reached by reason of its name.

ID.—ENGAGING IN BUSINESS.—It is the province of courts and not of registrars of property to determine whether or not a foreign corporation is engaged in business in Porto Rico.

ID.—RIGHTS OF CORPORATION.—When a foreign corporation is not expressly for-

bidden by legislative enactment to make contracts or own lands, it possesses all the rights pertaining to an individual, like any other corporation not restricted by its own charter.

ID. — INVALID CONTRACT — VOIDABLE CONTRACT. — A contract which meets the requirements of section 1228 of the Civil Code is not void, although if it is unlawful it may be rescinded at the instance of an interested person.

The facts are stated in the opinion.

*Mr. Francis E. Neagle* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

By sections 37 *et seq.* of the Act of March 9, 1911, (Session Laws, p. 103 *et seq.*) foreign corporations, "before doing business within this island," are required to file in the office of the Secretary of Porto Rico their articles of incorporation, a statement containing among other things for purposes of regulation and control the objects of the business and a consent to be sued and the designation of a person to be sued. Under section 40 the attempt of any foreign corporation to do business in this island without compliance with the preceding sections is penalized by a forfeit of ten dollars a day to The People of Porto Rico, and it is made the duty of the Attorney General to sue for and recover the said penalty. There is no other penalty provided in the act.

On February 1, 1916, the Isabella Grove, a corporation duly incorporated under the laws of the State of New York, presented for record in the Registry of Property of San Juan a deed transferring to it the title to certain property, and at the same time and in the same deed the said corporation made a mortgage on the said property in favor of William Allan. The respondent refused to record the said deed on the ground that the Isabella Grove, Incorporated, had not shown that it had filed in the Secretary's office the statement, certificate and consent required by the Act of March 9, 1911, previous to doing business in the island, in the absence of which, according to the respondent, the contracts

made by the said corporation with regard to real estate lack validity. The respondent says the defect is incurable.

The appellant maintains that the contract or contracts sought to be recorded wherein the foreign corporation acquires land in Porto Rico are not the doing of business in Porto Rico and that even if such act or acts should constitute the doing of business therein, it is not the registrar, but only the Attorney General who may object.

The taking of a single deed to property is not doing business in Porto Rico. *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727; *Bamberger* v. *Schoolfield,* 160 U. S. 149; *International Textbook Co.* v. *Pigg,* 217 U. S. 91; 19 Cyc. 1267 *et seq.;* 12 R. C. L. 68 *et seq.; State of Kansas* v. *American Book Co.,* 1 L. R. A. (N. S.) 1043. In *Union Central Life Ins. Co.* v. *Gromer,* 19 P. R. R. 871, this court decided that the taking of loans secured by mortgages did not constitute the doing of business within Porto Rico under the tax laws. We think that sections 37 to 40 were meant to apply to corporations actually doing business in Porto Rico in the ordinary sense of the word. To consider, for example, the part of the law requiring the naming of an agent for purposes of suit. Yet it is perfectly possible to obtain service against a foreign corporation by publication for any matter involving contracts of the kind sought to be recorded. And again, the requirement that a corporation should file a statement of its business done each year. So far as the deed in this case is concerned, there is no indication that the corporation would ever do another piece of business in Porto Rico. To require of a corporation an annual report merely because it held a piece of property would be an absurdity. The registrar in his brief concedes that there is nothing in the law to prevent a foreign corporation from owning or holding land, but he asserts that this corporation not only took the land, but immediately mortgaged it, and that the name of

the corporation shows that the company will devote itself to agricultural pursuits. A serious question might arise whether a corporation which tills the soil for several years before it makes a shipment of citrus fruits, for example, could be said to be doing business within the intendment of the law; but no one has a right to draw a legal conclusion about the business of a corporation from its name. So far as the giving of a mortgage is concerned, that is such a frequent concomitant of the acquisition of property that if such acquisition is not the doing of business, one of the customary incidents, like a mortgage for the deferred purchase money, could not be considered as an independent act of doing business. To say a person may acquire property and then say he may not encumber it at the time would prevent indirectly, in a vast number of cases, the acquisition of property.

Even if there were a question of whether the corporation was or was not doing business in Porto Rico, the registry is not the place to pass upon such a disputed question of fact. *Compañía Azucarera de Carolina* v. *Registrar,* 19 P. R. R. 143; *Seoane* v. *Registrar of Caguas,* 23 P. R. R. 753. In the former case the principal ground of decision was that the right of a particular corporation under the Foraker Act to hold more than five hundred acres, no matter how flagrant the violation of a law might seem to be, was a matter that could only be inquired into by the government and that a corporation took a perfectly good recordable title which might only be defeated by the proper action of the Attorney General. Similarly, where a corporation is violating the law of March 9, 1911, no duty is imposed on the registrar to correct such a violation. Penalties are imposed by the law itself and it is made the specific, express duty of the Attorney General to enforce them. In no place but a court could the question be tried out of whether the making of a particular contract was the doing of business within the sanction of sections 37 to 40 of the law of March 9, 1911.

Even if it be conceded that the Isabella Grove, Incorporated, is doing business in Porto Rico, the registrar would have no right to refuse the record. One of the primary objects of the registry is to protect diligent purchasers. The Isabella Grove, even though it had not complied with the law, definitely acquired property which it wanted to protect against all the world. A principal effect of denying the record would be to open the way to fraud. But we agree with the appellant that the violation of the law is under the control of the Attorney General, directly by prosecution and fines and possibly by other means. Generally when a legislature has wanted to prevent a foreign corporation from making isolated contracts or holding land it has done so in plain language. In the absence of such a revealed intention, a foreign corporation, like every other corporation unrestricted by its proper law, has all the rights belonging to an individual. 12 R. C. L. 47. The registrar maintains that under article 18 of the Mortgage Law it becomes his duty to inquire into the capacity of the contracting parties. But there is no question in this case of the capacity of the Isabella Grove to make contracts. It may or may not be violating the law, but it has capacity to contract, and the registrar concedes that it may acquire lands. The note itself apparently proceeds on the theory that the act of the corporation is void, but we have decided in the two cases cited and others that where a contract fulfils the requisites of section 1228 of the Civil Code it is not a nullity, but if apparently illegal, voidable at the instance of the person or persons who have a right to complain. Against everyone else a purchaser is entitled to protection.

The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.