LA ISABELLA GROVE, INC., RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN SEGUNDA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Segunda, denegando la inscripción de una escritura de venta e hipoteca.

No. 268.—Resuelto en junio 24, 1916.

CORPORACIONES EXTRANJERAS—COMPRA DE BIENES INMUEBLES—HIPOTECA—NEGOCIOS EN PUERTO RICO.—El mero hecho de adquirir y poseer bienes inmuebles

e hipotecarlos para garantir el pago aplazado del precio de la venta una corporación extranjera no registrada, no constituye emprender negocios en esta isla dentro de la ley de 9 de marzo de 1911. Los artículos 37 al 40 de dicha ley se refieren a las corporaciones que realmente están emprendiendo negocios en Puerto Rico, en el sentido ordinario de la palabra.

Id.—Nombre de la Corporación—Negocios en Puerto Rico.—No puede establecerse una conclusión legal respecto a los negocios de una corporación por el nombre de la misma.

Id.—Negocios en Puerto Rico—Registro de la Propiedad.—No es en los registros de la propiedad sino en los tribunales donde debe ventilarse la cuestión de si una corporación extranjera está o no emprendiendo negocios en Puerto Rico.

Id.—Derechos de las Corporaciones.—Cuando no se prohibe expresamente por la legislatura a una corporación extranjera el que haga contratos aislados o posea terrenos, al igual que cualquiera otra corporación que no está restringida por su propia ley, tiene todos los derechos que pertenecen a un individuo.

Id.—Contratos Nulos—Contratos Anulables.—No es nulo un contrato en que se cumplen los requisitos que determina el artículo 1228 del Código Civil, aunque si es ilegal puede ser anulado a solicitud de la persona con derecho para ello.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francis E. Neagle.*

El registrador recurrido Sr. José Marcial López, compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Por virtud de los artículos 37 y siguientes de la ley de marzo 9, 1911, (Leyes de la Sesión de 1911, página 110 y siguientes), las corporaciones extranjeras "antes de emprender sus negocios en esta isla," están obligadas a archivar en la oficina del Secretario de Puerto Rico sus cláusulas de incorporación, una declaración, contentiva entre otros particulares, para los fines de reglamentación y de supervisión, del objeto u objetos del negocio y el consentimiento para ser demandada y designación de la persona que ha de ser demandada. De acuerdo con el artículo 40, la tentativa de cualquier corporación extranjera a emprender negocios en esta isla sin haber cumplido antes con los precedentes artículos, se castiga con multa de diez dollars por cada día, a beneficio de El Pueblo de Puerto Rico, y es el deber del Attorney Gene-

ral establecer la correspondiente acción para hacer efectiva dicha multa. La ley no prescribe ninguna otra penalidad.

En febrero 1, 1916, la Isabella Grove, corporación debidamente registrada bajo las leyes del Estado de Nueva York, presentó para su inscripción en el Registro de la Propiedad de San Juan, una escritura, por la que se le traspasaba el título de cierta propiedad, y al propio tiempo y en la misma escritura la referida corporación constituyó una hipoteca sobre la mencionada propiedad a favor de William Allan. El registrador recurrido se negó a inscribir dicha escritura, por el fundamento de que la Isabella Grove, Inc., no acreditó que había archivado en la oficina del Secretario de Puerto Rico, la declaración, certificado y consentimiento que determina la ley de marzo 9, 1911, antes de emprender negocios en la isla, sin los cuales, según el recurrido, carecen de validez los contratos por dicha corporación celebrados relativos a bienes inmuebles. Expresa el recurrido que el defecto es insubsanable.

Sostiene el recurrente que el contrato o contratos que se tratan de inscribir, por los que la corporación extranjera adquiere propiedad en Puerto Rico, no constituye hacer negocios en Puerto Rico y que aun cuando tal acto o actos constituya hacer negocios en dicho país, no es el registrador, sino únicamente el Attorney General la entidad que puede oponerse.

El aceptar una simple escritura sobre bienes inmuebles no es emprender negocios en Puerto Rico. *Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727; *Bamberger* v. *Schoolfield,* 160 U. S. 149; *International Textbook Co.* v. *Pigg,* 217 U. S. 91; 19 Cyc. 1267, *et seq.;* 12 R. C. L. 68, *et seq.  State of Kansas* v. *American Book Co.,* 1 L. R. A. (N. S.) 1043. En el caso de *Union Central Life Insurance Company* v. *Gromer,* 19 D. P. R. 900, esta corte resolvió que el hacer préstamos garantizados por hipoteca no constituía emprender negocios en Puerto Rico de acuerdo con las leyes sobre contribución. Creemos que los artículos 37 al 40 tuvieron por

objeto ser de aplicación a las corporaciones que realmente están emprendiendo negocios en Puerto Rico, en el sentido ordinario de la palabra. Considérese, por ejemplo, la parte de la ley que requiere el nombramiento de un agente para fines de litigios. Sin embargo, es perfectamente posible obtener la citación contra una corporación extranjera mediante edictos por cualquier asunto que envuelva contratos de la clase que se pretende inscribir. Considérese, además, el requisito de que debe una corporación presentar una declaración del negocio realizado en cada año. En tanto se trata de la escritura en este caso no existe indicación de que la corporación realice alguna vez cualquier otro negocio en Puerto Rico. Exigir a una corporación que presente un informe anual meramente porque poseía una propiedad, sería un absurdo. El registrador en su alegato admite que no hay nada en la ley que prohiba a una corporación extranjera poseer o tener bienes, pero sostiene que esta corporación no solamente adquirió el terreno, sino que inmediatamente lo hipotecó y que del mismo nombre de la corporación aparece que la compañía se dedicará a fines agriculturales. Podría surgir una seria cuestión respecto a si una corporación que cultiva el suelo por varios años antes de hacer un embarque de frutas cítricas, por ejemplo, puede decirse que emprende negocios dentro del significado de la ley; pero nadie tiene derecho a establecer una conclusión legal respecto al negocio de una corporación del nombre de la misma. En tanto se trata de la constitución de una hipoteca, eso con frecuencia está tan unido a la adquisición de la propiedad, que si con dicha adquisición no se está emprendiendo un negocio, uno de sus incidentes ordinarios, como lo es la hipoteca, para garantir el pago aplazado del precio de venta, no podría ser considerado como un acto independiente con el cual se emprende un negocio. Decir que una persona puede adquirir bienes y luego decir que no puede gravarlos entonces impediría indirectamente en un gran número de casos, el adquirir bienes.

Aun cuando se presentara la cuestión de si la corporación estaba o no haciendo negocios en Puerto Rico, no es el registro el lugar donde se ha de resolver sobre tal cuestión de hecho en que hay desacuerdo. *Compañía Azucarera de la Carolina* v. *El Registrador,* 19 D. P. R. 152; *Seoane* v. *El Registrador de Caguas,* 23 D. P. R. 810. En el primer caso el principal fundamento de la decisión era el de que el derecho de una corporación particular bajo la Ley Orgánica a poseer más de quinientas cuerdas de terreno, no importa lo flagrante que pueda ser la infracción de la ley, era una cuestión que sólo podía ser investigada por el Gobierno y que la corporación adquirió un título inscribible perfectamente válido que sólo podría ser anulado mediante la debida acción establecida por el Attorney General. De igual modo cuando una corporación está infringiendo la ley de marzo 9, 1911, no se impone al registrador ningún deber de corregir dicha infracción. Las penalidades son impuestas por la misma ley y es el deber específico y expreso del Attorney General el hacer que se cumplan. En ningún sitio sino en una corte podía ser juzgada la cuestión de si el ejecutar determinado contrato era emprender negocios, según la sanción de los artículos 37 al 40 de la ley de marzo 9, 1911.

Aun cuando admitiéramos que la Isabella Grove, Incorporated, está emprendiendo negocios en Puerto Rico, el registrador no tendría derecho a denegar la inscripción. Uno de los fines principales del registro es proteger a los compradores diligentes. Aun cuando la Isabella Grove no hubiera cumplido con la ley, adquirió en definitiva propiedad que deseaba proteger contra todo el mundo. El efecto principal de denegar la inscripción sería el de abrir el camino al fraude. Pero convenimos con la recurrente en que la infracción de la ley está bajo el dominio del Attorney General directamente mediante procesos y multas y es posible que por otros medios. Por lo general cuando una legislatura quiere evitar que una corporación extranjera haga contratos aislados, o posea terrenos, así lo ha expresado en

claro lenguaje. No revelándose esa intención, una corporación extranjera al igual que cualquiera otra corporación que no esté restringida por su propia ley tiene todos los derechos que pertenecen a un individuo. 12 R. C. L. 47. Alega el registrador que de acuerdo con el artículo 18 de la Ley Hipotecaria está él en el deber de investigar respecto a la capacidad de las partes contratantes. Pero no existe en este caso cuestión alguna relativa a la capacidad de la Isabella Grove para concertar contratos. Puede o no estar infringiendo la ley, pero tiene capacidad para contratar, y el registrador admite que puede adquirir bienes. La misma nota se funda aparentemente en la teoría de que el acto de la corporación es nulo, pero hemos resuelto en los dos casos ya citados, y en otros, que cuando en un contrato se cumplen los requisitos que determina el artículo 1228 del Código Civil, dicho contrato no es nulo, pero si aparentemente es ilegal puede ser anulado a solicitud de la persona o personas con derecho a quejarse. Un comprador tiene derecho a ser protegido contra cualquier otra persona.

Debe revocarse la nota.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.