JAMES CARSTAIRS & others *vs.* MARY O'DONNELL & another.

Suffolk.    March 18, 1891. — September 3, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Intoxicating Liquors — Importation — Original Package — Recovery of Price.*

The price of intoxicating liquors, shipped by non-resident dealers to their agent in this State in accordance with a contract of sale made by him before the passage of the U. S. St. of August 8, 1890, and delivered in the original package upon their arrival upon such agent's order to the purchaser here pursuant to the sale, is recoverable of the purchaser by such dealers, whether the sale was made in this State or in that of the shipment, and whether the sellers and their agent had a license to sell intoxicating liquors here or not.

CONTRACT, to recover the price of five barrels of whiskey, sold by the plaintiffs to the defendants.  Writ dated May 10, 1889.

At the trial in the Superior Court, before *Hammond,* J., it appeared in evidence that the plaintiffs were non-residents, having their usual place of business in the city of Philadelphia, and that they sold the whiskey in question to the defendants, and had not been paid for the same ; that the whiskey was sold to the defendants, whose place of business was in Boston, through one Woodbury, an agent of the plaintiffs having a place of business in Boston, who notified the plaintiffs of the sale ; that the whiskey was sent by the plaintiffs from Philadelphia, in accordance with the notice from Woodbury, by a common carrier selected by the plaintiffs, and delivered at the defendants' place of business in Boston at the plaintiffs' request, the last delivery being in April, 1889; and that the whiskey when delivered to the defendants was in the original unbroken package in which it was shipped from Philadelphia.

The defendants offered to show that the contract for the whiskey was made with Woodbury in Boston, and that it remained the property of the plaintiffs until it reached the defendants' place of business in Boston ; and that neither the plaintiffs nor Woodbury had any license or authority to sell intoxicating liquors in Boston.

The judge ruled that, if the jury were satisfied that the defendants received the whiskey under the contract, the plaintiffs

were entitled to recover, notwithstanding the fact that they had no license, if they delivered the whiskey in the same unbroken package in which it left Philadelphia, and, the defendants not desiring to go to the jury on the question whether the whiskey was thus delivered in the original package, ordered a verdict for the plaintiffs; and the defendants alleged exceptions.

*H. F. Naphen,* for the defendants.

*J. L. Powers,* for the plaintiffs.

MORTON, J. Whether the sale was made in Boston or in Philadelphia, and whether the plaintiffs and their agent in Boston did or did not have a license to sell intoxicating liquors in Boston, were immaterial. It was in evidence that the liquor was shipped by the plaintiffs, who were not residents of Massachusetts, from Philadelphia to their agent in Boston, pursuant to a contract which he had made with the defendants in Boston for the sale of the liquor to and its purchase by them, of which he notified the plaintiffs; and that the agent caused the liquor on its arrival at Boston to be delivered to the defendants, pursuant to said sale, in the same original unbroken package or barrel in which it had been shipped from Philadelphia. The case comes precisely within *Leisy* v. *Hardin,* 135 U. S. 100, and *Lyng* v. *Michigan,* 135 U. S. 161, which have been cited with approval in *McCall* v. *California,* 136 U. S. 104, 110, and are binding upon this court, although the opinion in each case was that of a majority of the court, and strong dissenting reasons were given. See *Commonwealth* v. *Gagne,* 153 Mass. 205; *State* v. *Pfleajor,* 81 Iowa, 759; *State* v. *Caldwell,* 81 Iowa, 759. The case is not affected by the act of Congress of August 8, 1890, as that was not passed till more than a year after the last sale. See *Commonwealth* v. *Calhane, ante,* 115.

*Exceptions overruled.*