# Culberson v. American Trust and Banking Co.

*Action of Assumpsit.*

1. *Replication by foreign corporation to special plea alleging failure to comply with Const. Art. 14 § 4, and Code § 1209.*—Where in a suit on a note payable to a foreign corporation, and transferred to the plaintiff, the defendant (the maker) pleads that the payee failed to comply with the constitutional and statutory requirements relating to foreign corporations (Const. Art. 14 § 4, and Code § 1209) a replication setting up that certain books and copyright of abstract forms, then in Atlanta, State of Georgia, were sold to defendant in Alabama by the payee of the note, a corporation under the laws of Georgia, and were afterwards shipped from Atlanta by the seller to the purchaser in Alabama, and the note sued on was given for the purchase price of such books and abstract forms, and transferred to plaintiff; is not a departure from the complaint but sufficiently sets up facts as an answer to the plea.

2. *Books and abstract forms may be articles of interstate commerce.* A sale in Alabama of books and abstract forms situated in Georgia,

followed by delivery in Alabama, was a transaction of interstate commerce, subject to the regulation of congress.

APPEAL from City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

The present suit was brought by the appellee, the American Trust & Banking Company against A. Culberson upon a note under seal, made by the defendant, A. Culberson, to the Interstate Abstract Company, and endorsed by the payee to the plaintiff. The complaint avers that the note is payable at the office of the Neal Loan & Banking Co., Atlanta, Ga., to the payee, who resided at the time the note was made and when complaint was filed in Atlanta, Ga., and that the note is governed by the laws of Georgia; that by said laws it is commercial paper, and that the plaintiff acquired the note before maturity in the usual course of trade for a valuable consideration, without notice of any equities or defenses between the parties, and that the plaintiff is the party really interested in the same. The defendant pleaded: (1.) The general issue. (2.) That the note is void in that it was given in payment for certain copyrights and books sold by the payee to the defendant; that the sale was made by an agent of the payee in Anniston, Alabama, and the note made and delivered in Anniston, Ala.; that at the time the sale was made and the note made and delivered, the payee was a foreign corporation and had not complied with the laws of Alabama by filing in the office of the Secretary of State a certificate designating a known place of business in this State, and an authorized agent thereat, &c. (3.) A plea of fraud on the part of payee. (4.) Failure of consideration. (5.) A verified plea denying plaintiff's ownership of the note.

The plaintiff demurred to each of the pleas except the first. The demurrer to the third and fourth pleas was sustained; and that to the second and fifth overruled.

The defendant thereupon amended his third and fourth pleas, by leave of the court, and filed an additional plea numbered six, setting up that plaintiff, as a *bona fide* purchaser before maturity without notice, was not protected under the laws of Georgia from the defense of illegal consideration; that the consideration of the note was illegal in that the consideration was the sale

of certain copyrights and books by the payee of the note, and at the time of the sale and the delivery of of the note the payee was a foreign corporation and had not complied with the constitution and statute law of Alabama. The plaintiff refiled its demurrers to the third and fourth pleas and assigned additional grounds; and also demurred to the sixth plea. The demurrer to each of said pleas was overruled. The plaintiff then filed replications to these pleas, the substance of which is sufficiently stated in the opinion. The defendant demurred to the replications to the special pleas, and assigned as grounds of the demurrer, the following: 1. Said replications neither confess and avoid, nor traverse the matters set forth in said pleas two and six, nor do they set up an estoppel. 2. Said replications are a departure from the original complaint, in this, that the original complaint claims on a note alleged to have been executed by the defendant, while the replications set up a sale of certain books and certain coprights. 3. Said replications show that the alleged consideration, viz., a copyright, is not the subject of interstate commerce. This demurrer was overruled by the court; and from such ruling this appeal is taken under the act creating the city court of Anniston, which authorizes an appeal from rulings on the pleading, if taken within thirty days after such ruling.

The errors assigned and relied on by the appellant are the overruling of his demurrers to the plaintiff's replications.

CALDWELL, JOHNSON & ACKER and MATTHEWS & WHITESIDE for the appellant.—It is an established rule of pleading that a replication must either traverse, or confess and avoid the matter pleaded, or present matter of estoppel.—3rd Brickell, p. 707, sec. 119.—*Eskridge v. Ditmars*, 51 Ala. 245. The replications set up another and different cause of action,—the sale of certain books and a copyright, while the complaint is on a note under seal. This is variant from the cause of action set up in the complaint, and under the complaint could not be received in evidence.

The case of *Merriman v. Knox*, 99 Ala. 93, was a suit brought on a note given for fertilizers; the defendant pleaded that the fertilizer was not tagged, and that the

plaintiff had not a license to sell fertilizers ; the plaintiff replied substantially the same as the plaintiff's replication in the case at bar. The replication was, on demurrer, held to be bad. The Court say that it should have denied that the sale was made in this state, or that there was a failure to comply with the requirements of the statute.

This case is cited approvingly in *Brown v. Adair*, 16 So. Rep. 439, and the statement made that it is not in conflict with the right of Congress to regulate commerce between the states.

The case of *Merriman v. Knox, supra*, is almost identical with the case at bar. Secs. 139 and 141 of the Code prohibit the sale of any fertilizer by any person, *i. e.* the doing of a specific act—until the statute is complied with ; the Constitution Art. XIV sec. 4, and Act of 1886–7, p. 102, prohibit the doing of any business by a foreign corporation until the act is complied with. The effect of the two acts is identical,—they each make the contract void. If a replication setting up certain facts was bad in *Merriman v. Knox*, when the purpose of the replication is to show that the contract was commerce between the states, the same replication would be bad in the case at bar. If *Eskridge v. Ditmars, supra*, is the law, the replications in the case at bar are bad because they are a departure from the complaint ; if *Merriman v. Knox, supra*, is the law, the replications are bad because they fail to allege that the sale was not made in Alabama, or that the payee had complied with the statute (Acts 1886–7 p. 102.)

The foregoing applies to the sale of the books, as if the books were the entire consideration. However, they were only a part of the consideration. A copyright constituted a part of the consideration and the question, is raised by the third ground of demurrer whether a copyright is an article of commerce between the states.

To properly discuss this question requires that we ascertain definitely,—1. What is the nature of a copyright? 2. What is commerce between the state? 3. What is considered by the courts an article of commerce?

I. A Copyright is defined to be,—a. The exclusive right of printing or otherwise multiplying the copies of

[Culberson v. American Trust and Banking Co.]

a published literary work, and the right to prevent all others from doing so.—4 Am. & Eng. Ency. of Law, p. 147. b. An exclusive right to the multiplication of the copies. An incorporeal right to print and publish; as said by Lord Mansfield in *Millar v. Taylor*, 4 Burr. 2396, "A property in notion and has no corporeal tangible substance."—*Stephens v. Cady*, 14 How. 528. c. A species of incorporeal personal property.—Shortt on Copyr. 152.

II. Commerce is a term of very large import. It is said to include,—a. Navigation (9 Wheat. 1) ; b. Transportation (114 U. S. 196) ; c. Communication (96 U. S. 1) ; d. Trade or Traffic (1 Otto 275).

This is as far, we believe, as Commerce now extends ; and since it is clear that a sale of a copyright is not included in "Navigation", or "Transportation", or "Communication", we will consider only the question whether it is an article of trade, as "articles of trade" are considered by the courts.

Trade is defined to be the exchange of goods for other goods, or for money.—(Rap. & Lawr. Law Dic. 1284.)

Goods is a very general term, but ordinarily means chattels, real or personal ; and in practice is confined to chattels which are capable of manual delivery.—(Ib. 573.)

Chattels, or Chattels personal, is generally applied to tangible things ; incorporeal personal property, such as copyrights, is not generally included in the term chattels.—(Ib. 200.)

So, it would appear that "Trade" as used by the courts, is the sale or exchange of corporeal personal property.

III. And "An article of Commerce" or "an article of trade," as used by the courts, applies only to corporeal personal property. The idea of "Commerce" seems to be inseparable in the minds of the courts from "articles" or "commodities."—U. S. v. Holliday, 3 Wall. 407. *Groves v. Slaughter*, 15 Pet. 509. A copyright is not an "article," for an "article" is a substance ; it is not a "commodity," for a "commodity" is defined to be merchandise, goods, wares, produce. (Worcester's Dictionary.)

In *Nathan v. Louisana*, 8 How. 73, the Supreme Court hold that a dealer in foriegn bills of exchange (though

they are instuments of commerce) is not engaged in foreign commerce.

In *Paul v. Va.*, 8 Wall. 163, the court hold that a policy of insurance is not a subject of interstate commerce.

In *Nelms v. Mortage Co.*, 92 Ala. 161, it is held that money is not a commodity of barter and sale ; or to be put up and sold after being shipped, and that the loaning of money by foreign corporations, engaged in that business, is not a matter of inter-state commerce.

From these authorities, it seems that "an article of commerce is a "subject of trade and barter," or "a commodity of barter and sale," and "a commodity to be shipped or forwarded."

From *Ware v. Hamilton-Brown Shoe Co.*, 92 Ala. 145, quoting from *Robbins v. Shelby Co. Taxing District*, and from *Cooper Mfg. Co. v. Ferguson*, and in *Paul v. Va. Supra*, it seems that to constitute "commerce between the states," there must be a contract between a citizen of one state and a citizen of another state, relating to "a commodity of barter and sale" that may be "shipped and forwarded" from one state to another, and which at the time of the sale has its *situs in a state other than that in which the contract is made.*

A sale of land by a citizen of Georgia to a citizen or Alabama, the land being situated either in Georgia of in Alabama, or partially in each state, would not be commerce between the states, land not being a commodity to be "shipped and forwarded" and not an "article of commerce ;" nor, would a sale by a citizen of Georgia to a citizen of Alabama of "articles of commerce" then in Alabama be commerce between the states (*Paul v. Va., supra.*) ; nor, it seems, a sale of goods at the time in another state, which were to be delivered by the vendor to the vendee in this state.—*Merriman v. Knox*, 11 So. Rep. 741, 99 Ala. 93 ; *Brown v. Adair*, 16 So. Rep. 439.

The sale of a copyright cannot be commerce between the states for all the foregoing reasons. It is not a "commodity ;" it cannot be "shipped and forwarded ;" it has not its *situs* in any particular state ;" it's as much in Alabama as in Georgia or in New York ; it's like "airy nothingness," in that it has not "a habitation."

In *Stephens v. Cady*, 14 How. 528, and *Stevens v. Glad-*

*ding*, 17 How. 447, it is held that a copyright is not subject to levy and sale under execution ; and in the latter case it is said : "These incorporeal rights (patents and copyrights) do not exist in any particular state or district. There is nothing in any Act of Congress or in the nature of the rights themselves to give them locality anywhere." Another attribute distinguishing copyrights from "articles of commerce" is that they cannot be transferred by delivery (being incapable of manual delivery), but can be transferred only by deed, or, instrument in writing.—Rev. Stat. U. S. 4955.

The inevitable conclusion seems to be that the sale of a copyright by a foreign corporation, in the State of Alabama, to a citizen of Alabama, and taking a note under seal in payment therefor made and delivered to the foreign corporation in the State of Alabama, is not commerce between the States; and the foreign corporation not having complied with the Act of 1886–87, p. 102, the note under seal is void.

That a part of the consideration, was legal, if the court should be of opinion that the sale of the books was inter-state commerce, cannot make the contract valid, the contract being entire and indivisible.—*Robert. ertson v. Hayes*, 83 Ala. 290 ; Bishop on Contracts, secs. 74, 487 ; Parsons on Contracts (6 Ed.) p. 457.

J. J. WILLETT for the appellee.

HARALSON, J. 1. The special pleas,—2 and 6,— set up the defense, that the payee of the note sued on was a foreign corporation, and had not complied with the constitution (Art. XIV., Sec. 4.) and statute of the State (Code, § 1209) in respect to carrying on or doing business in this State. The plaintiff filed two special replications to these pleas, designed to be, and which are "brief statements in plain language of the facts relied on as answer to the plea."—Code, § 2688. These replications are confessions of the facts relied on in the pleas, to avoid the note sued on ; and are themselves in avoidance of the facts so pleaded, as applicable to this case, in that they set up that the consideration of the note sued on was the purchase by defendant from a corporation created by the laws of Georgia and residing and doing business in Atlanta, of certain articles of com-

merce, subject to the jurisdiction of Congress to regulate.—*Lee v. DeBardeleben Coal Co.*, 102 Ala. 628. These special replications were not intended, as supposed, to cure defects in, and to serve the purpose of an amendment to the complaint, and therefore, a departure from it, but set up, as was allowable, a fact relied on as an answer to the pleas.—*Herring v. Skaggs*, 73 Ala. 452; *Eskridge v. Gill*, 51 Ala 245.

The replications set up, in subtstance, that certain books and copyright of abstract forms, then in Atlanta, in the State of Georgia, were sold in Anniston, Alabama, by the inter-State Abstract Company, a corporation residing and doing business in Atlanta, Georgia, to the defendant, the American Trust and Banking Company, and were afterwards shipped from Atlanta by the seller, to the purchaser in Anniston, and the note sued on,—transferred by the seller to plaintiff,—was given for the purchase price of said books and abstract forms. The only remaining question on the appeal is, whether these books and abstract forms were articles of commerce, the sale of which is within the jurisdiction of Congress under its power to regulate commerce among the several States.

We can discover no reason for holding that the articles sold like any other goods, were not articles of commerce. In the case of *Robbins v. Shelby County Taxing District*, 120 U. S. 489, it was declared that "the business of selling goods which were in Ohio at the time of the sale, and were, at a future time to be delivered to the purchaser in the State of Tennessee, constituted inter-state commerce." It seems also that making of a contract in Colorado, to manufacture machinery in another state, to be there delivered for transportation to the purchasers in Colorado, is commerce, falling within the jurisdiction of Congress.—*The Cooper Man'f'g. Co. v. Ferguson*, 113 U. S. 727. And, following these decisions, we not long ago held, that where a lot of shoes manufactured in St. Louis, Mo., were sold and shipped to a merchant in Alabama, the transaction was inter-state commerce, without reference to the fact whether the contract for the purchase of the shoes was made in Alabama, or in St. Louis, and that the provisions of the constitution, and the act of the legislature did not apply to such a transaction. *Ware v. Hamilton-Brown Shoe Co.*,

92 Ala. 148. These adjudications, so directly in point, control this case, and compel its affirmance.

The case of *Merriman v. Knox*, 99 Ala. 94, is not an authority as supposed by counsel for appellant, against the ruling of the lower court in this case. In that case the replication was held to be bad, in "not denying that the sale was made in this state, or that there was a failure to comply with the requirements of the statute." In the replication before us, which counsel regard as parallel with the one in the Merriman case, the replication states, plainly enough, that the sale was made in Anniston, Ala., of the articles of commerce which were in Atlanta, Ga.

Affirmed.