# Louisville & Nashville Railroad Co. v. Walker.

## *Action of Detinue.*

1. *Detinue; right of rescission; fraud and deceit.*—Where one induces a common carrier, by false representations or deceit, to deliver articles received by said carrier for transportation, and pays the freight and other charges incident to such transportation, he can not insist, in defense of an action of detinue by such carrier to recover the articles, that he be refunded the money paid by him when it appears that he has disposed of a number of such articles and received for the same a sum in excess of that paid by him to the carrier for freight and other charges.

2. *Replication; departure; new assignment.*—While the plaintiff can not by way of replication depart from the cause of action stated in the complaint nor assign a different cause of action, yet he may by new assignment state the same cause of action in a more minute or enlarged and circumstantial manner, where the cause of action is originally stated in mere general terms.

3. *Detinue; recovery of part of property; effect of judgment.* A plaintiff in detinue may recover a part of the property sued for and fail as to the rest, and in such case the judgment is good for the plaintiff for the part recovered and is for the defendant as to remainder.

4. *Judgment in case of failure to plead; when improper.*—Where the plaintiff has replied to defendant's pleas and a demurrer is interposed to the replication but is not disposed oi, it is error to render judgment against plaintiff for declining to plead further, since he is not in default for want of plea, but has the right to await the action of the court upon the demurrer of his replication.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This was an action of detinue brought by appellant against appellee. The defendant pleaded that he received the property sued for from the plaintiff, which was a common carrier, having the same in possession by reason of a receipt of the same for transportation from New Orleans to Montgomery, and that he was required by the plaintiff to pay the freight and other charges incident to transportation before the same was delivered to him. That he paid the sum demanded by plaintiff and that the same had not been returned or offered to be returned to him. By way of replication or new assignment the plaintiff replied that it had not returned said sum because defendant, after having obtained the property by falsely representing that he was the proper party to receive the same, had disposed of a certain portion of said property for a sum in excess of the amount paid for freight and other charges due the plaintiff for transportation. There was a demurrer to this replication, but the same was not disposed of. In this state of the pleadings,

judgment was rendered against the plaintiff for failing to plead further. From this judgment plaintiff appeals, and assigns the same as error.

THOS. G. and CHAS. P. JONES, for appellant.

GORDON MACDONALD, *contra*.

HARALSON, J.—1. This is the second appeal in this case. When the cause was here before (111 Ala. 233), the facts on which it was then determined, briefly stated by the court, were, that "Walker C. Pfefferling shipped by the plaintiff as a common carrier, a car load of horses to Montgomery, consigned to themselves. The defendant, appellee, stated to the plaintiff, that he was the assignee of the consignees (Walker & Pfeffelin), and in this right claimed that the horses should be delivered to him. The plaintiff informed him of the amount of the costs and charges of transportation, and offered to deliver the horses upon payment of the amount, under the belief that it covered all the charges, and, upon such payment, the plaintiff delivered to him the horses. Soon afterwards, the plaintiff ascertained that the defendant was not the assignee of the consignees, and was not entitled to the horses, and that there remained an unpaid balance due for the horses, secured by the retention of the title in the consignors, evidenced by the bill of lading,—the horses having been consigned to the shippers. Upon ascertaining the mistake made by the delivery of the horses, the plaintiff demanded the payment of the balance due the shippers, and, this being refused, demanded that the horses be returned. The defendant offered to return the horses to the plaintiff, upon being reimbursed the amount paid by him to the plaintiff and charges. This the plaintiff declined to do; and thereupon the defendant declined to return the horses. Upon the refusal to return the horses, the plaintiff brought its action in detinue [for them]."

The court held (COLEMAN, J., delivering the opinion), that the plaintiff, as common carrier, could not, upon

[L. & N. R. R. Co. v. Walker.]

discovering the fraudulent representation of defendant; maintain the action of detinue against him, to recover the possession of the horses, without refunding to him the amount he paid as freight and charges on delivery of the property to him; and a judgment having been renderd in favor of plaintiff below, it was here reversed and the cause remanded.

When the case returned to the circuit court, the plaintiff filed two other replications, showing by the first, what was not shown before, that when plaintiff demanded of defendant the property in suit, the latter had sold and disposed of thirteen of said horses and mules, and at the time of plaintiff's demand on him for them, and prior to the suit brought, was not able to restore to plaintiff the stock so delivered to him; and by the second, that he had disposed of more than half of the same; and had received from such disposition of it, an amount in excess of the sum paid by him to the plaintiff for freight and charges; and this is offered in excuse of plaintiff's conduct in refusing to return the money it had received from defendant, and we deem it altogether sufficient. It would be manifestly unjust for defendant to keep the proceeds of property illegally received and disposed of by him, and insist upon recovering back what he had paid the plaintiff for freight and charges, especially when the former amount exceeds the latter. The doctrine of rescission requiring the parties to be put in *statu quo* would be clearly violated in so doing. The defendant cannot insist upon the enforcement of this doctrine for his benefit, and deny it to the plaintiff. He must put the plaintiff in the same condition in which it originally stood, before he can insist that he be thus placed himself.

It is insisted in argument by defendant's counsel, that these last replications of the plaintiff is an attempt thereby to amend and cure defects in the complaint, which, if true, would be sufficient reason for rejecting the replications, since the rule of pleading requires that a replication must not depart from the cause of action stated in the complaint, and set up

a new cause of action.     Yet, as we have held, consonant with the general rule on the subject, when the cause of action is stated generally in the complaint, the plaintiff, if necessary, may in a replication to a special plea, assign anew his cause of action, restating it in a more minute and circumstantial manner.—*Herring v. Skaggs,* 73 Ala. 446; *Eskridge v. Ditmars,* 51 Ala. 246; *Culberson v. A. T. & B. Co.,* 107 Ala. 457; 1 Chit. Pl. 624, 644.     These replications were no more than new assignments, stating the same cause of action in a more enlarged and circumstantial manner.     If the plaintiff had proceeded to trial without the replications, the issue would have been narrowed to the question,—if that were a sufficient defense against the recovery by plaintiff,—whether the money paid for freight and charges had been returned or offered to be returned by him, whereas, under the new assignments, there is shown a legal excuse why there was neither return nor offer to return by him.

3.   It may be added, a plaintiff in detinue may recover a part of the property sued for, and fail as to the other part.     A verdict for a part of the things sued for is good for the plaintiff as to those who found for him, and for the defendant as to the remainder. *Wittick v. Traun,* 27 Ala. 562; *Handley v. Lawley,* 90 Ala. 529; 5 Am. & Eng. Ency. Law (1st ed.), 657; 6 Ency. Pl. & Pr., 660.

4.   As the case must be reversed, we have indulged the foregoing views on the merits of the case, with reference to another trial, if it should be had.

When the cause was reversed on a former appeal, and was returned to the circuit court, as we have already stated, the plaintiff filed two replications to the defendant's several pleas.     To these replications the defendant interposed demurrers.     The record does not show any judgment disposing of these demurrers. The judgment entry shows at this point, that the plaintiff, declining to plead further, a judgment was entered by default against it.     This was error.     The plaintiff was not in default, for it had filed its replications to defendant's pleas, and there was no

occasion for it to plead further, and the court was without authority in this state of the pleadings, to render judgment by default against plaintiff and in favor of defendant for want of a further plea.—*White & Spigcner v. Whatley, infra.*

Reversed and remanded.