## J. C. KIRKPATRICK v. THE STATE.

### No. 2243. Decided January 30, 1901.

**Occupation Tax—Interstate Commerce—Peddling Buggies.**

A peddler of buggies in Texas who, as employe of a manufacturing company of another State, sells the buggies on order or for cash and the buggy sold is shipped directly from the factory to the purchaser, or is shipped to the order of the company and thus delivered to the purchaser by the employe or agent, is protected from the payment of the occupation tax imposed by the laws of Texas under the interstate provision of the Constitution of the United States. Following French v. State, ante, p. 222.

APPEAL from the County Court of Tarrant.    Tried below before Hon.
M. B. HARRIS, County Judge.

Appeal from a conviction of pursuing an occupation without first
having paid the tax and taken out a license; penalty, a fine of $375.

The opinion states the case.

*C. K. Bell,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for pursuing an occu-
pation without first obtaining a license therefor, and his punishment
assessed at a fine of $375.    The following are the facts adduced upon
the trial:    Defendant admitted that in Tarrant County, Texas, on
January 7, 1901, and prior thereto, he, as the employe of the Spauld-
ing Manufacturing Company of Iowa, had been engaged in the peddling
of buggies, and that neither he nor the Spaulding Manufacturing Com-
pany had paid any occupation tax upon or license for such business;
that the State tax upon such occupation was $250, and that prior to
this prosecution the County Commissioners Court of Tarrant County
had levied a county tax equal to one-half the State tax.    Defendant
testified: "I am an employe of the Spaulding Manufacturing Com-
pany, a copartnership composed of H. W. Spaulding, F. E. Spaulding,
and E. H. Spaulding, each of whom reside in and are citizens of the
State of Iowa.    Said copartnership is, and for many years past has been,
engaged in the business of manufacturing buggies and other vehicles
at Grinnell, in the State of Iowa.    They ship the goods manufactured
in Iowa to their own order at different points in Texas, generally in
car-load lots, but sometimes in less quantities.    I and their other em-
ployes receive the goods, and take them through the country and ped-
dle them out.    When I sell for cash I receive the money as the agent
and employe of the Spaulding Manufacturing Company, and when I
sell partly on time I take notes payable to the Spaulding Manufacturing
Company, which are sent to them at Grinnell, Iowa.    Sometimes we
find a man who wants a vehicle of a peculiar make, and we take his
order, and send it in to the company, and the vehicle is made in Iowa
as desired.    If paid for in cash or notes, the vehicle is shipped direct
to the purchaser; otherwise it is shipped to the order of the Spaulding
Manufacturing Company, and one of the employes of the company then
delivers it, and receives for the Spaulding Manufacturing Company
the cash or notes, or both, as the case may be.    The Spaulding Manu-
facturing Company does not have a warehouse or storage place in Texas.
I and the other salesmen and other employes of the Spaulding Manu-
facturing Company receive salaries and get no commissions.    The ped-
dling of buggies and other vehicles which I have done was done simply
and entirely as the agent and employe of the Spaulding Manufacturing
Company, and not for myself, or any other person or corporation?"
Ira Gilley testified that he was also an employe of the Spaulding Manu-

facturing Company, and his testimony was the same as that of defendant, Kirkpatrick. We have heretofore stated our views upon the facts above detailed are that same do not constitute interstate commerce, and hence are subject to the State tax. But the Supreme Court of the United States in numerous decisions, beginning with Asher v. Texas, 128 United States, 129, 9 Supreme Court, 1, 32 Lawyers' Edition, 368, have held adversely to the opinion of this court; and, that court being the supreme law of the land in such matters, there is nothing left for us to do except to acquiesce in their decision, as we have frequently done. Under the decisions of the Supreme Court of the United States, these facts constitute a clear case of interstate commerce, and consequently appellant was not subject to the tax levied. The facts of this case are substantially the same as in French v. State, ante, page 222. Under the authority of that case and the cases there cited, we hold appellant is not amenable to the tax under the facts stated. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*