STATE v. TROTMAN.

(Filed December 4, 1906).

*License Taxes—Sale of Patent Medicines—Interstate Commerce.*

In an indictment for selling patent medicine, etc., without license contrary to Rev. secs. 5150-1, where the jury by a special verdict found that certain citizens of this State gave orders for the medicines on a drug company in another State, which were forwarded to, received, and accepted by the company in that State, and the goods shipped from that State to the defendant, the drug company's agent in this State; that each package was wrapped in a separate parcel with the name of the purchaser marked thereon and then packed in one crate and shipped to defendant, who distributed same in the original form to the purchaser: *Held,* that the defendant was not guilty, as he was at the time engaged in interstate commerce.

INDICTMENT against O. A. Trotman, heard by *Judge B. F. Long* and a jury, at the August Term, 1906, of the Superior Court of FRANKLIN.

From a judgment of not guilty, on a special verdict, the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*W. H. Yarborough, Jr.,* for the defendant.

HOKE, J. Defendant was indicted for unlawfully selling, and offering to sell, patent medicines and drugs without having obtained license so to do, contrary to the provisions of secs. 5150 and 5151 of the Revisal.

On the trial, the jury rendered a special verdict which established that certain citizens of Franklin County, each acting for himself, and within two years before finding the bill of indictment, gave certain orders for medicines on the Standard Drug Company of Spartanburg, S. C.; that the orders were procured by H. S. Newman, an agent of the said drug company, and same were to be delivered to the parties

at Youngsville, N. C.; that the orders were forwarded to the drug company, and received and accepted by them at their place of business in Spartanburg, S. C., and were shipped by the company to O. A. Trotman, the defendant, and agent of the company at Wake Forest, N. C.; that each package was wrapped in separate parcel with the name of the purchaser marked on them for identification, and same were then packed in one crate and shipped to defendant, who distributed same to the purchasers; that each package was delivered in its original form to the party for whom it was intended; and that defendant, at that time, neither had, nor had applied for, license as required by the sections referred to.

Upon these facts the Court was of opinion that the defendant was not guilty, and so advised the jury, who thereupon rendered a verdict of not guilty, and the State excepted and appealed.

It has been frequently decided that these license taxes and the penalties imposed to secure their collection are inoperative against one who is at the time engaged in interstate commerce; and on the facts established by the special verdict, we think it clearly appears that the defendant was so engaged at the time, and that the Judge below correctly advised and directed the jury as to the law.

The case of *Caldwell v. North Carolina,* 187 U. S., 622, is decisive of the question presented and meets every suggestion that can be urged in support of the prosecution.

In this case, pictures, frames, etc., ordered by purchasers in Greensboro, N. C., from a house in Chicago, were sent by this house to their agent in Greensboro, who, after properly placing the pictures in the frames, delivered the same to the persons who had made the orders and for whom they were intended.

In holding a license tax, imposed by the Board of Aldermen of the city of Greensboro, unconstitutional, as prohibited by the commerce clause of the Federal Constitution, the Court

said, quoting from *Robbins v. Taxing District,* 120 U. S., 489: ·

"A State cannot impose taxes on property imported from another State and not become a part of the common mass of property therein."

And, in reply to a position that the statute made no discrimination, as to the burden imposed, between dealers within or without the State, the Court said, quoting from *Brennan v. Titusville,* 153 U. S., 289:

"But that does not meet the difficulty. Interstate commerce cannot be taxed at all, even though the same amount of tax should be laid on domestic commerce as on that which is carried on solely within the State."

And to a distinction suggested in the opinion of the State Supreme Court then under review, that the transaction had ceased to be interstate commerce because the shipment had been made to an agent of the non-resident company, who received the goods shipped to him in Greensboro, N. C., opened the boxes, assorted the pictures and frames, and, after putting them together, delivered them to the purchasers, the Court said:

"Nor does the fact that these articles were not shipped separately and directly to each individual purchaser, but were sent to the agent of the vendor at Greensboro, who delivered them to the purchasers, deprive the transaction of its character as interstate commerce. It was only that the vendor used two instead of one agency in the delivery. It would seem evident that if the vendor had sent the articles by an express company, which should collect on delivery, such a mode of delivery would not have subjected the transaction to State taxation. The same could be said if the vendor himself or by personal agent had carried and delivered the goods to the purchaser. That the articles were sent as freight by railroad and were received at the railroad station by the agent,

who delivered them to the respective purchasers, in nowise changes the character of the commerce as interstate."

This decision has been several times reaffirmed and applied to cases in this and other jurisdictions, and fully sustains the ruling of the Judge on the facts established by the verdict. *Kehrer v. Stewart,* 197 U. S., 60; *Range Co. v. Campen,* 135 N. C., 506; *Stone v. State,* 117 Ga., 292; *In re Spain,* 47 Fed. Rep., 208.

There is no error, and the judgment below is affirmed.

Affirmed.