### STATE VS. SBRAGIA.

*January 9—March 30, 1909.*

*Criminal law: Sale of cigarette paper: Coupon in sealed package of tobacco: Interstate commerce.*

1. The sale, by a retail merchant in this state, of a sealed package of tobacco, purchased from a wholesaler in the regular course of business, containing a coupon stating that a certain foreign corporation would send a specified quantity of cigarette paper to any one transmitting to it by mail three of such coupons, is a violation by such retailer of sec. 1, ch. 82, Laws of 1905, which prohibits any person "by himself, his servant or agent, or as the servant or agent of any other person, directly or indirectly, or upon any pretense, or by any device," from selling, giving away, or otherwise disposing of any cigarette paper.

2. The retailer in such a case is the principal in the sense that a sale of the package includes the sale of a coupon, and an agent in the sense that he acts for the foreign dealer in the latter's effort to supply customers in this state with cigarette paper.

3. Such a sale does not involve any question of interstate commerce.
   DODGE, J., dissents.

REPORTED from the municipal court of Milwaukee county: A. C. BRAZEE, Judge.   *Question answered in the affirmative.*

Action reported from the municipal court of Milwaukee county under sec. 4721, Stats. (1898).

The question involved in the action was whether the defendant was guilty of having violated ch. 82, Laws of 1905.

The cause was duly submitted on the charge made in due form and a plea of not guilty and a stipulation of facts.

The facts agreed upon were, in substance, as follows: The defendant on June 16, 1908, in Milwaukee county, Wisconsin, sold and delivered to Samuel Burden a sealed package of smoking tobacco, labeled as "Duke's Mixture Smoking Tobacco." Upon opening the package it was found to contain a coupon, so called, to the effect that upon receipt of three of such coupons through the mails by "Duke's Mixture Department 8, 111 5th Ave., New York City, The American Tobacco Co. Mfgr., Factory No. 42, 4th Dist. N. C.," would send to the one transmitting them a specified amount of Duke's Mixture cigarette paper. The Duke's Mixture Department named in the coupon is a department of the tobacco company mentioned, which is a foreign corporation. The defendant is a retail merchant in the city of Milwaukee, dealing, among other things, in tobacco at retail. He purchased the package sold as aforesaid in the open market in the regular course of business from a wholesale dealer for the purpose of supplying his retail trade.

The defendant was duly adjudged guilty of having unlawfully offered for sale cigarette wrappers and cigarette paper for the purpose of being filled with tobacco for smoking, contrary to ch. 82, Laws of 1905. Thereupon further proceedings in the cause were stayed pending a result of a report of the same to this court, as to the question of law involved.

The trial court being of the opinion that the facts stipulated as aforesaid presented a question of law of such importance and doubtful character as to require final solution by this court, certified the case for such solution pursuant to sec. 4721, Stats. (1898), the defendant consenting thereto.

The *Attorney General,* for the plaintiff. [No brief on file.]

The cause was submitted for the defendant on the brief of *Winkler, Flanders, Bottum & Fawsett.*

The following opinion was filed January 26, 1909:

MARSHALL, J.   The question presented for solution is this: Is a sale or gift of an order or paper, characterized as a coupon in this action, by a person in this state to another therein as part of an entire transaction including the sale of a package of tobacco, entitling the recipient, in case of his obtaining two other like papers and sending all by mail to a designated dealer in tobacco products and cigarette paper outside the state, to receive therefrom a specified quantity of cigarette paper,—a violation by such person of sec. 1, ch. 82, Laws of 1905, prohibiting "any person" "by himself, his servant or agent, or as the servant or agent of any other person, directly or indirectly, or upon any pretense, or by any device," from selling, offering for sale, keeping for sale, giving away, or otherwise disposing of "any such cigarettes, cigarette paper," etc. ?

That a transaction of the nature stated falls within the spirit of the statute seems beyond reasonable controversy, and that it falls within its letter seems hardly less plain.

It appears that the scheme is but a bald subterfuge to cloak the real purpose to sell or give away cigarette paper to persons in this state in circumvention of the law, the local dealer being the principal in the sense that a sale of a package includes the sale of a coupon, and an agent in the sense that he acts for the foreign dealer in the latter's efforts to supply customers in this state with cigarette paper.

Counsel for the defendant do not seem to seriously contend to the contrary of the foregoing, and the learned attorney general appears to unite with them in presenting the matter from a common viewpoint, exempting the defendant from liability upon the ground hereafter stated.

We have the anomalous situation of counsel for defendant

contending, in the main, that the stipulated facts do not show a punishable violation of the cigarette law because such law is ineffective as regards an act requiring interstate commerce to effectuate it by putting the consumer in possession of the prohibited article, and the learned attorney general subscribing to the same view and joining with defendant's counsel in urging the position upon the attention of this court as unavoidably requiring an answer to the submitted question in defendant's favor. Doubtless, the state's officer was unable to see any escape from such position and so, in justice to the defendant and the court as well, frankly made known his opinion in that regard instead of contending to the contrary. That is commendable but does not preclude the court from considering, or, perhaps more correctly stated, excuse it for failing to consider, the question as involving the element of serious doubt discovered by the learned trial court, warranting the certification to this court.

The statute seems in effect to prohibit, as plainly about as English words could be used to that end, any one in this state as principal or agent, directly or indirectly, from being concerned in selling or giving away to any person in this state cigarettes or cigarette paper. Significant to that effect are the words "directly or indirectly, or upon any pretense, or by any device." The sale of the package of tobacco with the coupons inclosed, exchangeable for cigarette paper, would not have been any different if the package had contained such paper instead of the equivalent. Can any one fairly say that was not a mere pretense or device resorted to for disposing of such paper while giving the transaction a different color? In the opinion of the court the answer must be as here indicated.

The stipulated facts, as we view them, do not raise any question of interstate commerce and, therefore, the able arguments of counsel on both sides that they do, and that the proper solution thereof is fatal to the prosecution, we omit to consider.

*By the Court.*—The question submitted is answered in the affirmative, and the cause remanded for judgment upon the conviction.

DODGE, J. (*dissenting*).  In the statement of facts should be noted absence of any knowledge on defendant's part that the sealed package contained the so-called coupon.  I am unable to bring my mind to the view that the sale and delivery of a sealed package of tobacco, purchased by the seller of a wholesaler, is in any reasonable sense a sale of, or an offer to sell, cigarette papers in Wisconsin merely because the manufacturer has clandestinely inserted in such package an offer that, upon performance of certain conditions, he will sell at New York cigarette papers to any person producing that and two other similar notices.  No argument can add to the mere statement of the proposition.

I think, too, that several phases of interstate commerce must be involved before the acts of defendant can in any way be connected with the sale of cigarette papers to any one.  The sale of a magazine containing an advertisement of the same offer by a New York merchant would to my mind present exactly the same questions.

I therefore am constrained to agreement with the attorney general that no crime is disclosed, and to dissent from the judgment of the court.

Upon a motion for a rehearing counsel for the defendant contended, *inter alia,* that regarding the act of the defendant as a sale of, or an offer to sell, cigarette paper, it is conceded that the cigarette paper to which the sale or offer to sell referred was in another state and that the so-called sale or offer to sell contemplated its transportation into this state for delivery in consummation of the sale or offer.   This made it an act of interstate commerce.   *U. S. v. Swift & Co.*  122 Fed. 529;  *Swift & Co. v. U. S.*  196 U. S. 375;  *U. S. v. Addyston P. & S. Co.*  85 Fed. 271, 294, 29 C. C. A. 141, 46 L. R. A. 122;

*Robbins v. Shelby Co. Tax. Dist.* 120 U. S. 489; *Butler Bros. S. Co. v. U. S. R. Co.* 156 Fed. 1, 16; *Miller v. Goodman,* 91 Tex. 41, 40 S. W. 718; *Cook v. Rome B. Co.* 98 Ala. 409, 413, 12 South. 918; *Ware v. Hamilton Brown S. Co.* 92 Ala. 145, 9 South. 136; *Culberson v. Am. T. & B. Co.* 107 Ala. 457, 19 South. 34; *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727; *Emert v. Missouri,* 156 U. S. 296, 319; *Brennan v. Titusville,* 153 U. S. 289; *Caldwell v. North Carolina,* 187 U. S. 622, 632; *Kehrer v. Stewart,* 197 U. S. 60; *State v. Trotman,* 142 N. C. 662, 55 S. E. 599; *Stoutenburgh v. Hennick,* 129 U. S. 141; *Asher v. Texas,* 128 U. S. 129; *Ex parte Loeb,* 72 Fed. 657; *State v. Lagarde,* 60 Fed. 186; *Carstairs v. O'Donnell,* 154 Mass. 357; *Bloomington v. Bourland,* 137 Ill. 534; *State v. Scott,* 98 Tenn. 254, 39 S. W. 1, 36 L. R. A. 461; *Kirkpatrick v. State,* 42 Tex. Crim. 459, 60 S. W. 762; *French v. State,* 42 Tex. Crim. 222, 58 S. W. 1015; *Crutcher v. Kentucky,* 141 U. S. 47.

The motion was denied March 30, 1909.