BERNARD BONDY *vs.* FRANK HARDINA.

Hampden. September 23, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Sale,* Passing of title. *Conflict of Laws. Intoxicating Liquors. Payment.*

A liquor dealer, doing business in the State of New York and having no license to sell intoxicating liquors in Massachusetts, agreed in Massachusetts to sell to a buyer here at a certain price per gallon two barrels of whisky and a keg of gin from the seller's stock in New York. Afterwards the seller in New York took from his stock there two barrels of whisky and a keg of gin, ascertained their contents and shipped them by a common carrier to the buyer in Massachusetts,

and the buyer paid the freight as he had agreed to do.  *Held,* that only an executory contract was made in Massachusetts and that the sale was completed in New York; so that there was no violation of the liquor laws of this Commonwealth, and the seller could recover the price of the goods.

If a liquor dealer, doing business in the State of New York and having no license to sell intoxicating liquors in Massachusetts, agrees in this Commonwealth to sell to a buyer here a specific barrel of whisky at a certain price, whether such barrel of whisky is at the time in New York or is elsewhere in this Commonwealth, this is a completed sale made in Massachusetts which is unlawful under R. L. c. 100, § 1, and no action can be maintained for the price.

A payment made "on account generally" to a creditor who has lawful demands and also an unlawful demand against the debtor cannot be applied by the creditor to his unlawful demand without the assent of the debtor.

CONTRACT for the price of three barrels of whisky and one keg of gin alleged to have been sold by the plaintiff to the defendant, according to an account annexed as follows:

" 1910

|   |   |   |   |   |
|---|---|---|---|---|
| 1. | May | 9, | 1 Bbl. Monogram Whiskey | |
|   |   |   | 47 Gals. at $1.75 Gal. | $82.25 |
| 2. | " | " | 10½ Gals. Holland Gin at $1.75 Gal. | 18.62 |
| 3. | " | " | Vessel | 1.00 |
| 4. | " | 14 | 1 Bbl. Cliffdale Whiskey | |
|   |   |   | 46 Gals. at $1.75 | 80.50 |
| 5. | Oct. | 31 | 1 Bbl. Monogram Whiskey | |
|   |   |   | 48 Gals. at $1.75 Gal. | 84.00 |
|   |   |   |   | $266.37" |

There were five credits of payments made at different
dates in the year 1910 amounting in all to          $157.10

Leaving a balance, alleged to be due to the plaintiff, of   $109.27
Writ in the Police Court of Springfield dated February 2, 1911.

The answer contained a general denial and an allegation of payment, and also alleged that the contract declared upon was one for the illegal sale of intoxicating liquors, the plaintiff having had no license to sell such liquors as required by the statutes of this Commonwealth.

On appeal to the Superior Court the case was tried before *Hall,* J. At the close of the plaintiff's evidence, which is described in the opinion, it being agreed that the judge should report the case for determination by this court, he submitted to the jury

the question what the plaintiff should recover, if as matter of law he was entitled to recover at all. The jury found for the plaintiff in the full amount claimed, with interest from the date of the writ. The judge then ordered a verdict for the defendant, and reported the case to this court as agreed by the parties.

If the ruling that the plaintiff could not recover was correct, judgment was to be entered for the defendant. If the ruling that the plaintiff was not entitled to recover was erroneous and the question of his right to recover upon all the items of his declaration should have been submitted to the jury, judgment was to be entered for the plaintiff for $109.27 and interest from the date of the writ. If the ruling that the plaintiff was not entitled to recover was erroneous, but the plaintiff was not entitled to recover for the Cliffdale whisky, then, if under the circumstances the plaintiff was entitled to have the payments on account applied to the debit items in their chronological order, judgment was to be entered for the plaintiff for $84 with interest from the date of the writ. If the plaintiff was not entitled to have any part of the payments applied to the claim for the price of the Cliffdale whisky, judgment was to be entered for the plaintiff for $28.77 with interest from the date of the writ.

The case was submitted on briefs.

*C. G. Gardner & R. W. Stoddard,* for the plaintiff.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for the defendant.

SHELDON, J. As to all but the fourth item of the account annexed to the plaintiff's declaration, it appeared that the plaintiff and the defendant made in Massachusetts executory contracts of purchase and sale. These contracts were respectively for barrels of whisky and a keg of gin. But none of them were for any specific or ascertained goods. The plaintiff, who was a wholesale liquor dealer in New York, had there several barrels of whisky and several kegs of gin. After he had made his contract with the defendant he took from his stock two barrels of whisky and a keg of gin, ascertained the amount of their respective contents from the stamps affixed by the United States revenue officers, and shipped them by a common carrier to the defendant in this Commonwealth. The defendant paid the freight on each shipment, as according to the finding of the jury he was to do.

Under these circumstances, there was no completed sale of the goods, the title to them did not vest in the defendant, and he did not become liable for their price, until the plaintiff had separated them from the general mass of his property, determined the number of gallons which they contained and thus made certain the price to be paid for them, and delivered them to the common carrier for conveyance to the defendant. Until then there were merely executory contracts between the parties. Not only was the price left to be determined according to the number of gallons in the particular packages that might be selected, but there was in the meantime no specific property which had vested in the defendant. There was nothing to show any intention of the parties that the title to the goods should pass in the meantime. The case comes exactly within the rules of *Abberger* v. *Marrin,* 102 Mass. 70, and the language of the court in that case (p. 71) applies here: "The facts do not show a sale completed in Massachusetts, so as to pass the property. As between vendor and vendee, title to specific personal property passes by the contract of sale. But where the sale is of goods generally, no property in them passes till delivery, because until then the very goods sold are not ascertained. The contract remains executory, so long as anything remains to be done to identify them. Here, there was no sale of specific goods, and there was no appropriation of particular property under the contract, until the defendants' return to Albany." *Riddle* v. *Varnum,* 20 Pick. 280.

These sales were made in New York; they do not appear to have been unlawful; and the plaintiff can recover the price thereof.

But the subject matter of the contract for the Cliffdale whisky was the specific barrel which the plaintiff had sent to New Bedford. The contract was made by the plaintiff himself, and not by an agent whose authority might be contested. Nothing remained to be done to this barrel but to forward it to the defendant. This was a completed sale, made in this State, and the property in that whisky passed at once to the defendant. Sales act, St. 1908, c. 237, §§ 18, 19, rule 1. The sale was forbidden by our statutes, and no action can be maintained for the price. R. L. c. 100, § 1.

There is now as to this item no help for the plaintiff in such cases as *Carstairs* v. *O'Donnell,* 154 Mass. 357, and *Leisy* v. *Hardin,*

135 U. S. 100. Apart from other difficulties, the report leaves it at least doubtful whether the barrel was not in New Bedford and not yet returned to New York when it was sold to the defendant. But even that is hardly material.

The defendant made payments to the plaintiff "on account generally." The plaintiff may not apply these payments to his illegal demand. *Rohan* v. *Hanson,* 11 Cush. 44. *Haynes* v. *Nice,* 100 Mass. 327, 329. *Warren* v. *Chapman,* 105 Mass. 87, 89. There was no agreement here for such application, as there was in *Richardson* v. *Woodbury,* 12 Cush. 279, and *Hubbell* v. *Flint,* 15 Gray, 550. The law will apply these payments to the lawful demands.

According to the terms of the report, judgment must be entered for the plaintiff for $28.77, with interest from the date of the writ.

*So ordered.*