# Fifth Avenue Library Society *v.* Rhodes.

## *Assumpsit.*

(Decided October 14, 1915. Rehearing denied November 18, 1915. 69 South. 918.)

*Commerce; Foreign Corporations; Interstate Business.*—The provisions of the statutes and Constitution in this state regulating the doing of business in this state by foreign corporations, relate only to intrastate business, for, if extended to interstate business, they would violate the commerce laws of the federal Constitution.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Assumpsit by the Fifth Avenue Library Society against J. T. Rhodes. Demurrer being sustained to the the complaint, plaintiff took a non suit with bill of exceptions, and appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

[Fifth Avenue Library Society v. Rhodes.]

C. D. RITTER, for appellant.

SMITH & WILKINSON, for appellee.

MAYFIELD, J.—Appellant, a foreign corporation, sued appellee in assumpsit for books sold and delivered. Appellee filed two pleas, numbered 1 and 2, identical in legal effect, setting up the facts that plaintiff was a foreign corporation and had not complied with the statutes relating to foreign corporations doing business in this state. To these pleas the plaintaiff filed two replications, which were the same in legal effect, that plaintiff had not done any intrastate business in Alabama; that the only business it had done was interstate business. The defendant demurred to the replications, the court sustained the demurrer, and the plaintiff took a nonsuit, with a bill of exceptions, and here assigns this ruling of the trial court as error.

The assignment is well taken. The replications were a complete answer to the pleas, and, if true, the pleas set up no defense to the action.

Our constitutional and statutory provisions regulating foreign corporations doing business in the state relate to intrastate business, and not to interstate business. To attempt to make them relate to interstate business would make them void to that extent, because in violation of the commerce clause of the federal Constitution (article 1, § 8).—*Ware v. Hamilton-Brown Shoe Co.*, 92 Ala. 145, 9 South. 36; *Culberson v. A., T. & B. Mfg. Co.*, 107 Ala. 457, 19 South. 34; *Cooper Mfg. Co. v. Ferguson*, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; *Robbins v. Shelby Taxing Dist.*, 120 U. S. 489, 7 Sup. Ct. 592, 30 L. Ed. 694.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.