Edmund S. Cavanaugh et al. v. Witte Gas & Gasoline
Engine Company.

Gen. No. 12,026.

1. AFFIDAVIT OF CLAIM—*when additional, need not be filed.* Except in a special case, a new affidavit of claim need not be filed by the plaintiff where he amends his declaration.

2. AFFIDAVIT OF MERITS—*when right to file, properly denied.* No abuse of discretion appears where the court has refused the defendant the right to file an affidavit of merits which upon its face is insufficient.

3. FOREIGN CORPORATION—*act prohibiting suit by, which has not complied with statutory requirements, construed.* This act does not vitiate contracts made by such corporations; it merely prevents their enforcement by suit.

4. FOREIGN CORPORATION—*when action may be maintained upon promissory note issued to a, which has not complied with the laws of this State.* The real beneficiary receiving such a note by endorsement may maintain action thereon in this State.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the HON. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 8, 1905.

**Statement by the Court.** This is an action to recover on a promissory note for $333 made by appellants payable originally to the Witte Iron Works Company, said to be a Missouri corporation, by which the note was subsequently endorsed to appellee, a corporation organized and existing under the laws of Illinois. The original declaration was demurred to. Thereupon appellee filed an amended declaration setting forth the circumstances under which the note was made and delivered. The declaration as first filed was in the usual printed form in a suit of an endorsee against a maker with the common counts and affidavit to the plaintiff's claim. To the amended declaration appellants filed a plea of general issue, with notice of special defense.

The amended declaration set out the circumstances of a controversy in settlement of which the note was given, and the special defense set forth in the notice attached to appellants' plea was that Witte Iron Works Company was a

corporation organized under the laws of Missouri which had transacted business in Illinois prior to and at the time of the execution of the note without being licensed to do business in this State, and that said note was endorsed and delivered to appellee by said Witte Iron Works after maturity. The plea was not accompanied by an affidavit of merits, and appellee moved to strike the plea and notice of defendants from the file for want of such affidavit, which motion was allowed. Thereupon appellants moved for leave to file an affidavit of merits, and were given leave to present such affidavit. When subsequently the affidavit was presented and read to the court, leave to file was denied. Defendants' plea and notice were then stricken out for want of an affidavit of merits, default entered and judgment rendered upon evidence of the amount due on the note.

HAMILTON & HAMILTON, for appellants.

BAYLEY & WEBSTER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is claimed by appellants that they were not obliged to file an affidavit of merits with their plea, because appellee did not file with its amended declaration a new affidavit of plaintiff's claim. (R. S. chap. 110, sec. 37.) The point is not well taken. Appellee had filed the required affidavit "with his declaration," as the statute required, and there was nothing in the amendment which made it necessary that such affidavit should be refiled.

It is further contended that the court erred in entering appellants' default and rendering judgment after appellants had disclosed what is claimed to be a meritorious defense by affidavits then presented by leave of court. The motion by appellants for leave to file affidavit of merits was made after appellee had moved to strike the plea and notice from the files for want of such an affidavit, and for default and judgment. We find no abuse of discretion in the Circuit Court's refusal to allow the affidavits presented by appel-

lants to be filed. The defense therein set up is that the Witte Iron Works, payee in the note, by which it was endorsed to appellee, is a Missouri corporation not authorized to do business in this State, and that said corporation transferred the note to appellee after maturity. It is not shown or pretended, so far as appears from appellants' affidavits, that the latter have or had any meritorious defense to the note whether before or after its maturity. No effort is made to disprove the averments of the declaration that the note was made payable to the Missouri corporation in consideration of the assignment by it to appellants of a lease of premises in Chicago taken in said foreign corporation's name merely for temporary convenience and because appellee's organization as an Illinois corporation for which the lease was taken was not then entirely completed, the intention being to transfer the lease to appellee when the latter was duly organized. Nor is it denied that the note was given in settlement of a controversy over said lease. The whole sum and substance of appellants' defense is that the Missouri corporation had no right or power to hold the lease or accept a note or do any business in this State. Section 4 of the Statute of 1899 (R. S. chap. 32, sec. 67,) provides that a foreign corporation not having complied with requirements of that statute cannot "maintain any suit or action either legal or equitable in any of the courts of this State upon any demand whether arising out of contract or tort." The act does not purport to vitiate all contracts made by such corporations, and should not be so construed. Smith v. Local Branch, 77 Ill. App. 469–472; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727–734. It does prevent the enforcement of a contract demand in this State by suit. In the present case the foreign corporation has no connection with the suit and under the averments of the declaration has not now and never has had anything but a nominal interest in the note sued upon. In Havens & Geddes Co. v. Diamond, 93 Ill. App. 557–561, will be found a review of authorities as to what constitutes doing business in this State by a foreign corporation within the stat-

ute referred to. We regard it as immaterial in this case whether the Missouri corporation had or had not technically done business in this State by taking the note in controversy. The question is not before us. That corporation is not seeking to maintain the action. The facts set up in the amended declaration are not denied. By the settlement, of which the note sued upon constituted a part, appellants obtained undisputed possession of the premises covered by the lease then in controversy. Such settlement was so far as appears a valid consideration for the note. The Missouri corporation at the most did no more than a single act of business in this State, and that merely nominal. The actual beneficiary was the appellee and the latter is entitled to maintain the action in its own behalf. It had when the suit was commenced both the legal and beneficial title to the note.

Finding no error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*