Joseph Jung Brewing Company, Defendant in Error, v. Gustav Grimm, Plaintiff in Error.

Gen. No. 15,634.

1. MUNICIPAL COURT—*when stenographic report not stricken.* Complete formality is not required of the document signed by a judge; if such document is either "a correct stenographic report" or "a correct statement of the proceedings" it will not be stricken.

2. JUDGMENTS—*when affidavit of merits will not prevent default.* Unless the affidavit of merits interposed shows a meritorious defense, a default may properly be entered.

3. PRACTICE—*when striking affidavit of merits will not reverse.* Even though an affidavit of merits which has been stricken so closely approaches to fulfilling the requirements of the law as to indicate that a failure of justice may have taken place, the Appellate Court will not reverse where the defendant has failed to avail himself of an opportunity given to file an amended affidavit.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICK-ER, Judge, presiding.  Heard in this court at the October term, 1909. Affirmed.  Opinion filed June 29, 1911.

BENSON LANDON and ARTHUR C. BACHRACH, for plaintiff in error.

FREDERICK H. WICKETT, FREDERICK J. WEGG and AN-DREW A. BRUCE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In this case there was a motion reserved to the hearing to strike from the transcript of the record the document signed by the trial judge and purporting to be a full and complete transcript of all the proceedings in the cause that do not appear of record.  It is entitled "Transcript of Proceedings."  The cause is a fourth class one, and we think though the transcript of proceedings is not entitled as it should be nor certified to be stenographic, it may properly be considered in compliance with the Municipal Court Act and to be a "correct stenographic report."  It is at all events undoubtedly "a correct statement of the proceedings in the case which the plaintiff in error desires to have reviewed."

The motion to strike it from the transcript is denied.

The error complained of is that a certain affidavit of merits of defense was stricken from the files over the objection of the defendant.  It was the third affidavit which had been adjudged insufficient and thus stricken.  Leave was granted, on the court's so striking it, to file another affidavit in three days.  This leave was not taken advantage of by the defendant, who contended that the affidavit thus adjudged insufficient was in fact sufficient to specify "the nature of the defense" under section 55 of the Practice Act (if such section is applicable to fourth class cases in the Municipal Court) and under rule 13a of the Municipal Court Act.  As the defendant did not file another affidavit, his default was taken and judgment entered against him for $601.69 and costs,

Although it is only the "striking" of the third and last affidavit of defense filed which is complained of, yet a clearer view of the question involved will be gained by a chronological statement of the preceding papers filed in the case and of their disposition. The plaintiff's original statement of claim filed with his praecipe was simply: "Plaintiff's claim is for balance due on account," and the affidavit of claim that followed it repeated the assertion that the claim was for balance due on account and stated its amount to be $602.19.

Upon the appearance of the defendant he moved for a more specific statement of claim. The motion was allowed. The plaintiff then filed an account which comprehended monthly debits and credits for each month from May, 1907, to January, 1909. The first three items were:

| 1907 | Dr. | Cr. |
|---|---|---|
| May To merchandise ............... | $308.63 | |
| To money advanced ............ | 500.25 | |
| By credits ................... | | $297.51 |

Following these came items under the dates of June, July, August and September, 1907. In each of these months there was a debit item of "Merchandise" and a credit item, "By credits." In each case the credit item was considerably larger than the "Merchandise" debit, and at the end of September, 1907, the account would show that an amount had been paid by Grimm equal to the charges for merchandise and $182.17 more to offset against the $500.25 charged as "money advanced" in May, 1907.

In October, 1907, there are again two items of debit:

| To merchandise ..................... | $218.00 | |
|---|---|---|
| To money advanced .................... | 500.25 | |
| and one of credit: | | |
| By credits ......................... | | $515.97 |

In November and December, 1907, and January, February and March, 1908, there were in each month one debit, "To merchandise," and one credit, "By credits." In each

case the credit was the larger item, and at the end of March, 1908, although the debit account included the two items of "money advanced" ($500.25 each, one in May and one in October, 1907), there was only a debit balance outstanding of $242.56, showing that of the $1,000.50 charged as money advanced $757.94 at least had been repaid. In April, 1908, there were again two debit items, one for merchandise and one of $500.25 for "money advanced."

In each month from May, 1908, to September, 1908, there was a debit item for merchandise and a larger item, "By credits," and at the end of September, 1908, the entire debit balance shown by the account is $242.13.

In October, 1908, there are again two items, one for merchandise of $214, and one for "Money advanced," the money item being again $500.25. The "Credits" item for the month was $265. In November and December, 1908, there are debit items "To merchandise," and slightly larger "Credits" items. The January, 1909, items, which close the account, are:

|  | Dr. | Cr. |
|---|---|---|
| To merchandise | $16.00 | |
| By credits | | $40.00 |

The sum totals of debits during the entire time from May, 1907, to January, 1909, is $7,270.63, and the credits $6,668.94, making a difference (including the item of $500.25 for money advanced) of $601.69.

After the coming in of this bill of particulars the defendant on February 15, 1909, filed the first affidavit of defense, as follows:

"That he has paid to the plaintiff all of the items set forth in the bill of particulars except $101.44 and the item under date of October, 1908, 'to money advanced $500.25;' that as to the whole of said item he has a defense upon the merits; that deducting said item there was due from him to the plaintiff at the time of the bringing of this suit the sum of $101.44, which sum this defendant now offers to pay."

The 55th section of the Practice Act as revised in 1907 and a rule of the Municipal Court in force in 1909 provided that in cases where an affidavit had been filed by the plaintiff showing the nature of his demand and the amount due him, he would be entitled to a default judgment unless the defendant filed an affidavit that he verily believed that he had "a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount according to the best of his judgment and belief."

The Municipal Court evidently held, and we think correctly, that as the nature of the defense must be specified, the affidavit would not be sufficient to prevent a default unless it showed a meritorious defense. Cavanaugh v. Witte Gas Co., 123 Ill. App. 571. We do not think that there is any real difference between the contentions of the plaintiff and of the defendant in this regard.

The affidavit, says the plaintiff in his argument, must show "a defense which if true would be good in law and which if set forth in the form of a plea would be good as against a general demurrer."

The defendant admits in his argument that the affidavit of merits must contain "an informal intelligent statement of facts indicating to the court a meritorious defense,". or as he puts it in another place, "An 'informal, intelligent statement of some facts which if true would prevent a recovery."

There is nothing of that sort in the affidavit which was filed on February 15, 1909, and it was on motion of the plaintiff on March 31, 1909, stricken from the files. Defendant was given one day by the same order to file an amended affidavit of merits. April 1, 1909, the defendant filed an affidavit "that as to the item in the plaintiff's account under date of October, 1908, 'To money advanced $500.25,' the plaintiff did not advance the said sum of money to or for this defendant, but did advance the said sum of money in payment for the City Saloon License under an arrangement whereby the said plaintiff was to pay the license of the said defendant if the said defendant would continue to buy the

beer of the said plaintiff, and the said defendant did thereafter continue to buy the beer of said plaintiff in accordance with said agreement so long as said plaintiff kept its agreement."

This affidavit was also on motion of plaintiff stricken from the files April 3, 1909, and defendant again given leave to file an amended affidavit within three days. The reason is apparent. It was held by the court that "It was not an intelligent statement of facts which if true would prevent a recovery." In our opinion, however, it came more nearly to being such a statement than the subsequent one did, because it stated, among other things, that the plaintiff "did not advance the said sum of money to or for this defendant." But viewed in connection with the bill of particulars or amended statement of claim, to which it refers and must be referred, and the evident advance and repayment each six months of the same amount of $500.25 between May, 1907, and January, 1908, the court evidently found the use of the word "advance" ambiguous, and the defendant's statement that plaintiff *"advanced"* the said sum in payment of the City Saloon License not to negative the obligation of the defendant to repay it, especially as the concluding clause of the affidavit, to the effect that the said defendant "did thereafter continue to buy the beer of said plaintiff in accordance with said agreement so long as said plaintiff kept its agreement," seems to refer to previous "advances" by the plaintiff, which the defendant had impliedly admitted in his first affidavit of defense (as he did expressly afterwards in the third one) to be "just" charges.

On April 7, 1909, the defendant filed his third affidavit of merits, the striking of which from the files on April 10, 1909, the defendant is complaining of herein. That affidavit, after stating that the defendant verily believes that he has a good defense on the merits to a portion of the plaintiff's demand, proceeds:

"Affiant further says that the defense of the defendant to said portion is as follows:

That the item of October, 1908, amounting to $500.25,

referred to in plaintiff's statement of claim, was paid by the plaintiff to the City for a City Saloon License as the consideration of the promise of the defendant to the plaintiff to continue to buy the beer of the plaintiff; that the defendant did thereafter continue to buy the beer of the plaintiff in accordance with said promise until to-wit, January 1909, on which last said date the plaintiff demanded of the defendant said amount so paid. The defendant admits that the balance of the plaintiff's claim, $101.44, is just and is due the plaintiff, which last sum this defendant now offers to pay. On last mentioned date the plaintiff refused to sell the defendant any more beer unless said item of $500.25 was paid and until said item was paid to the plaintiff."

Counsel for plaintiff in error say in their argument:
"The plain meaning of the third affidavit is this: In consideration of the plaintiff in error promising to continue to buy his beer from the defendant in error instead of the latter's competitors, the defendant in error would give to the former the sum of $500.25, not merely as an advancement or a loan, but absolutely and with the intention to pass title to the said sum of $500.25 forever and with the full knowledge and understanding that said sum was never to be repaid, and instead of giving said sum to the plaintiff in error in person, the defendant in error was to give it to the City for the benefit of the plaintiff in error to pay for his saloon license."

If this had been the plain meaning of the affidavit, to strike it from the files would have been an abuse of discretion on the part of the trial judge, and although it was a matter of practice in the Municipal Court, and the defendant refused to avail himself of the leave given to him to file another amended affidavit in three days, we might have deemed it such an error as needed relief to prevent "a failure of justice." But we do not think that considered in connection with what had gone before in the case this was the plain meaning of the affidavit. It seems to us, in that view, somewhat ambiguous and evasive. There is great force in the question put by defendant in error's counsel in his argument: If the affiant meant the affidavit to have the meaning which

his counsel now puts on it, why did he not put it in the unmistakable words he now employs, especially when he was given three days to do it after this affidavit was adjudged insufficient?

We do not think it is necessary to interfere with this ruling of the Municipal Court "to prevent a failure of justice," nor are we "satisfied the judgment resulted from substantial errors" of the Municipal Court. It is therefore affirmed.

*Affirmed.*